**Angel Luis COLON–RIVERA, Plaintiff, Appellant,**

v.

**PUERTO RICO DEPARTMENT OF SOCIAL SERVICES, et al., Defendants, Appellees.**

**No. 83–1648.**

United States Court of Appeals, First Circuit.

Submitted March 9, 1984.

Decided May 31, 1984.

Sonia Rodriguez Vallecillo, Carolina, P.R., on brief for appellant.

Miguel Pagan, Deputy Sol. Gen., and Gerardo Mariani, Asst. Sol. Gen., Dept. of Justice, San Juan, P.R., on brief for appellees.

Before CAMPBELL, Chief Judge, COFFIN and BREYER, Circuit Judges.

PER CURIAM.

The controversy in the instant case revolves around the interpretation by defendant Puerto Rico government officials of Puerto Rico Law No. 135 of June 29, 1961 and, apparently, of other Puerto Rico statutes, governing the remuneration and conditions of employment of teachers and student counselors employed by the Commonwealth of Puerto Rico. Appellant, Angel Luis Colon Rivera, a vocational counselor in the State Home for Boys, claims that the statutes cover vocational counselors like him employed by the Puerto Rico Department of Social Services just as it covers counselors and teachers employed by the Department of Education and that by not granting him the benefits of those laws defendants are depriving him of his rights to due process and to equal protection of the law. On this theory he filed a civil rights action against the Department of Social Services (Colon Rivera's employer), its Secretary, and a number of Puerto Rico government officials, requesting retroactive benefits, damages, and injunctive relief directing future coverage.[1] The district

---

1. Although Colon Rivera initially appeared pro se before the district court he subsequently

court dismissed the complaint and this appeal followed. We affirm the district court's judgment.

■ Colon Rivera contends that the district court erred in holding that the Eleventh Amendment precluded the action against the Department of Social Services. It can hardly be disputed, however, that the retroactive and damage portions of appellant's request against the Department, an agency of the Commonwealth of Puerto Rico, may not be sought in a federal forum. *See Edelman v. Jordan,* 415 U.S. 651, 94 S.Ct. 1347, 39 L.Ed.2d 662 (1973); *Ford Motor Co. v. Department of Treasury,* 323 U.S. 459, 65 S.Ct. 347, 89 L.Ed. 389 (1945); *Ramirez v. Puerto Rico Fire Service,* 715 F.2d 694, 697 (1st Cir.1983) ("Puerto Rico, despite the lack of formal statehood, enjoys the shelter of the Eleventh Amendment in all respects"); *Ezratty v. Commonwealth of Puerto Rico,* 648 F.2d 770, 776 (1st Cir.1981); *Sea Land Service, Inc. v. Estado Libre Asociado de Puerto Rico Departamento de Instrucion Publica,* 588 F.2d 312 (1st Cir.1978); *Litton Industries, Inc. v. Colon,* 587 F.2d 70, 72 (1st Cir.1978). Because no congressional actions indicating intent to override the governmental immunity pursuant to the enforcement provisions of the Fourteenth Amendment,[2] *see, e.g., Fitzpatrick v. Bitzer,* 427 U.S. 445, 96 S.Ct. 2666, 49 L.Ed.2d 614 (1976); *Ramirez v. Puerto Rico Fire Service, supra,* at 698, or actions by the Commonwealth indicating either express or implied waiver of its constitutional prerogative[3] are involved here, there is no basis for a finding of waiver of the protection.

Appellant's reliance on *Owen v. City of Independence,* 445 U.S. 622, 100 S.Ct. 1398, 63 L.Ed.2d 673 (1980), is misplaced.

*Owen* expanded the Supreme Court's holding in *Monell v. New York City Dept. of Social Services,* 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978), that local governments are "persons" liable under 42 U.S.C. § 1983, by holding that municipalities may "not assert the good faith of its officers or agents as a defense to liability under § 1983." 445 U.S. 622, 638, 100 S.Ct. 1398, 1409, 63 L.Ed.2d 673. It did not deal with the issue of a federal court's power in the light of the Eleventh Amendment to entertain § 1983 suits against a state or its executive agencies.

■ In addition here the pleadings do not state a substantial claim for relief based on infringement of constitutional rights against *any* of the defendants, which brings us to the basis for the district court's dismissal of the action as to the remaining defendant government officials.[4] That the Department of Social Services, through its agents, may be interpreting and applying a Puerto Rico law incorrectly to plaintiff's detriment does not, by itself, compromise plaintiff's rights under either the due process or equal protection clauses. Merely erroneous applications of state statutes do not present a question of federal constitutional magnitude as long as there is an adequate state remedy. *See, e.g., Cloutier v. Epping,* 714 F.2d 1184 (1st Cir. 1983); *Chiplin Enterprises v. City of Lebanon,* 712 F.2d 1524 (1st Cir.1983); *Roy v. City of Augusta,* 712 F.2d 1517 (1st Cir. 1983); *Creative Environments, Inc. v. Estabrook,* 680 F.2d 822 (1st Cir.1982); *Hirrill v. Merriweather,* 629 F.2d 490, 496 (8th Cir.1980).

■ Moreover, even where a substantial constitutional claim has been pleaded, a

hired an attorney who represented him there and appeared on his behalf before this court as well.

**2.** The Supreme Court has specifically held that enactment of § 1983 did not abrogate the Eleventh Amendment immunity of the states. *See Quern v. Jordan,* 440 U.S. 332, 341, 99 S.Ct. 1139, 1145, 59 L.Ed.2d 358 (1979).

**3.** The Commonwealth of Puerto Rico has consented to being sued within certain limitations

in the Puerto Rico courts exclusively. *See* Act on Claims and Suits against the Commonwealth, 32 L.P.R.A. 3077 *et seq.,* as amended.

**4.** Federal courts lack power to entertain plainly insubstantial or clearly frivolous claims of infringement of constitutional rights. *Hagans v. Lavine,* 415 U.S. 528, 536–539, 94 S.Ct. 1372, 1378–1380, 39 L.Ed.2d 577 (1974).

federal court may not award either prospective or retroactive relief against state officials exclusively on the basis of state law. *Pennhurst State School & Hospital et al. v. Terri Lee Halderman,* —— U.S. ——, 104 S.Ct. 900, 79 L.Ed.2d 67 (1984).

■ Nowhere in the complaint or the record is there any claim of discrimination in the application of the law based on race, color, religion or national origin. To the extent that Colon Rivera's repeated references to federal statutes directed to preventing those types of discrimination may be interpreted as attempts to plead a claim of discrimination on any of those grounds, it is clear that his failure to plead specific facts in support thereof, rendered his complaint insufficient to state any such claim. *See Glaros v. Perse,* 628 F.2d 679, 684 (1st Cir.1980).

■ Whatever claims to coverage by local laws governing school personnel Colon Rivera might have are questions proper for resolution by the Puerto Rico courts, not by the federal district court.

The district court judgment is affirmed.