779 F.2d 51
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
STEVE MODLA, Plaintiff-Appellant,
v.
THE UNITED STATES OF AMERICA, CERTAIN UNKNOWN AGENTS OF THE
FEDERAL BUREAU OF INVESTIGATION, THE DEPARTMENT OF
JUSTICE, AND THE INTERNAL REVENUE
SERVICE, Defendants-Appellees.
 84-1524
 United States Court of Appeals, Sixth Circuit.
 10/9/85
 
 AFFIRMED
 E.D.Mich.
 ORDER
 BEFORE: MARTIN and WELLFORD, Circuit Judges; and PECK, Senior Circuit Judge.
 
 
 1
 This Michigan pro se plaintiff appeals from a district court judgment granting the defendants' motion for summary judgment and dismissing plaintiff's suit filed under the Federal Tort Claims Act, 28 U.S.C. Secs. 2671, et seq., and also construed as a Bivens-type suit.[1] Upon review of the district court record in light of the arguments made by the parties in their respective briefs, this Court concludes that the district court properly granted summary judgment for the defendants for the reasons given by it in its memorandum opinion.
 
 
 2
 Plaintiff's motions to recuse the district court judge under 28 U.S.C. Secs. 144 and 455(a) were properly denied because the judge's impartiality was simply not reasonably questioned. Sections 144 and 455 are to be read in pari materia to require that disqualification be predicated upon extrajudicial conduct, rather than judicial conduct, and to require that the alleged bias and prejudice be personal rather than judicial. Davis v. C.I.R., 734 F.2d 1302, 1303 (8th Cir. 1984); Shaw v. Martin, 733 F.2d 304, 308 (4th Cir.), cert. denied, 105 S.Ct. 230, reh'g denied, 105 S.Ct. 55 (1984); United States v. Carmichael, 726 F.2d 158, 160 (4th Cir. 1984); United States v. Story, 716 F.2d 1088, 1096 (6th Cir. 1983). In the instant case, plaintiff sought recusal of the district court judge for denying him discovery pending a ruling on the defendants' motion for summary judgment and for declining to postpone the hearing on the defendants' motion for summary judgment. These reasons do not evince a personal bias on the part of the district court judge, but rather show a reasonable exercise of judicial discretion to not waste the parties' and the court's time and resources on allegations which could be resolved by summary judgment. Plaintiff had also already received several postponements of the summary judgment hearing, and his illness for which plaintiff sought another postponement was not so grave and serious as to require hospitalization.
 
 
 3
 The summary judgment was properly granted for the defendants for several reasons. As a suit seeking relief from the United States and its agencies, the doctrine of sovereign immunity clearly barred the suit to the extent immunity is not expressly waived under the Federal Tort Claims Act, supra. United States v. Mitchell, 445 U.S. 535, 538, reh'g denied, 446 U.S. 992 (1980); Feyers v. United States, 749 F.2d 1220, 1225 (6th Cir. 1984), cert. denied, 105 S.Ct. 2655 (1985); Hall v. United States, 704 F.2d 246, 251 (6th Cir.), cert. denied, 104 S.Ct. 508 (1983). Since the plaintiff also failed to allege that he has exhausted his administrative remedies as required by 28 U.S.C. Sec. 2675(a), the suit could not be maintained under the Federal Tort Claims Act. Garrett v. United States, 640 F.2d 24, 26 (6th Cir. 1981) (per curiam); Denton v. United States, 638 F.2d 1218, 1221 n. 5 (9th Cir. 1981); Gregory v. Mitchell, 634 F.2d 199 (5th Cir. 1981). The doctrine of sovereign immunity also barred plaintiff's request for injunctive relief from the United States and its agencies. Larson v. Domestic Foreign Commerce Corp., 337 U.S. 683 (1949). In addition, injunctive relief against the Internal Revenue Service is expressly barred under the Anti-Injunction Act, 28 U.S.C. Sec. 7421(a). Bob Jones University v. Simon, 416 U.S. 725, 738 (1978); Dickens v. United States, 671 F.2d 969, 971 (6th Cir. 1982).
 
 
 4
 Finally, the suit was also properly dismissed as a Bivens-type suit against the named and unknown defendants because plaintiffs' allegations are so incredulous and unsubstantial they are absolutely devoid of merit, and support a summary dismissal for lack of subject matter jurisdiction. Hagans v. Lavine, 415 U.S. 528, 536-38 (1974); Maroney v. University Interscholastic League, 764 F.2d 403, 405-6 (5th Cir. 1985) (per curiam); Scott v. Kuhlmann, 746 F.2d 1377, 1378 (9th Cir. 1984) (per curiam); Colon-Rivera v. Puerto Rico Dept. of Soc. Serv., 736 F.2d 804, 806 n. 4 (1st Cir. 1984), cert. denied, 105 S.Ct. 795 (1985); Studen v. Beebe, 588 F.2d 560, 566 (6th Cir. 1978).
 
 
 5
 For these reasons, this panel unanimously agrees that oral argument is not necessary in this appeal. Rule 34(a), Federal Rules of Apellate Procedure. The district court's judgment is, accordingly, affirmed pursuant to Rule 9(d)(3), Rules of the Sixth Circuit.
 
 
 
 [1]
 Bivens v. Six Unknown Agents, 403 U.S. 388 (1971)