**MULTI TECH REP. CORP., Plaintiff,**

v.

**Franklyn MARTINEZ MONGE, et al., Defendants.**

**Civ. No. 88–1883(JAF).**

United States District Court,
D. Puerto Rico.

Dec. 19, 1989.

Paulita C. Maldonado Nicolau, San Juan, P.R., for plaintiff.

Maricarmen Almodóvar Díaz and Luis N. Blanco Matos, Federal Litigation Div., Dept. of Justice, Com. of P.R., San Juan, P.R., for defendants.

## OPINION AND ORDER

FUSTE, District Judge.

Plaintiff has filed an action charging that defendants, officials of the General Services Administration of the Commonwealth of Puerto Rico, have violated the fourteenth amendment of the Constitution and 42 U.S.C. Section 1983 by prohibiting plaintiff from participating in the bid for purchase of a direct process camera. In response, defendants have moved for judgment on the pleadings, pursuant to Fed.R.Civ.P. 12(c), arguing that the eleventh amendment of the United States Constitution bars consideration of plaintiff's claim in federal court. We ordered the parties to brief the issue of whether plaintiff had a property right in the bidding process protected by the Constitution. After considering the briefs, we find that the plaintiff did not have an entitlement to be included in the bidding process.

### I. Fed.R.Civ.P. 12(c)

By filing a motion under Fed.R.Civ.P. 12(c), defendants assert that they are entitled to a favorable disposition of their case as a matter of law. 5 C. Wright & A. Miller, *Federal Practice and Procedure* § 1368 (1969). Because the motion allows the court to summarily dismiss the claim on its merits, the court is required to view the facts presented in the pleadings in the light most favorable to the nonmoving party, the plaintiff. *Id.* Thus, for the purposes of consideration of this motion, the court will assume all the facts contained in plaintiff's complaint as true and regard all contravening assertions in defendant's motion to be false. *Id.*

### II. Facts

Plaintiff, Multi Tech Rep. Corp., is a Puerto Rican corporation that sells and maintains office equipment. Plaintiff is included in the Bidders Registry for public contracts issued by the Commonwealth of Puerto Rico and its agencies. On August 17, 1988, defendant Angel Toledo Ortiz, Sub-Administrator of the General Services Administration, sent an invitation to bid for the purchase of a direct process camera for the Department of Education. Plaintiff, however, did not receive an invitation.

Plaintiff claims its exclusion from the bidding process by the General Services Administration amounts to a deprivation of property without due process of law, thereby violating its constitutional and federal rights under the fourteenth amendment and 42 U.S.C. Section 1983. Plaintiff seeks both actual and punitive damages, attorney's fees, and an order enjoining defendants from engaging in illegal action.

### III. *Discussion*

 The eleventh amendment of the Constitution prohibits this court from entertaining plaintiff's claim. The eleventh amendment confers sovereign immunity on the states and nullifies any suit brought by a citizen against his own state in federal court. *Hans v. Louisiana*, 134 U.S. 1, 10 S.Ct. 504, 33 L.Ed. 842 (1890). Consequently, the amendment operates as a constitutional limitation on the federal judicial power granted in Article III of the Constitution. *Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89, 100, 104 S.Ct. 900, 907, 79 L.Ed.2d 67 (1984).

 The jurisdictional bar of the eleventh amendment applies unless the suit is not against the state itself or the state waives its constitutional protection. *Id.* 104 S.Ct. at 907. Although the named defendants in the present case are Commonwealth officials, the eleventh amendment may still bar the suit if "the state is the real, substantial party in interest." *Id.* at 908 (*quoting Ford Motor Co. v. Department of Treasury of Indiana*, 323 U.S. 459, 464, 65 S.Ct. 347, 350, 89 L.Ed. 389 (1945)). Since the relief, if granted to the plaintiff, would in fact be satisfied from the treasury and restrict agency action in the future, the claim may properly be regarded as one against the Commonwealth. *See id.* at n. 11.

 Although Puerto Rico is not a state, it does enjoy the shelter of the eleventh amendment. *Ramirez v. Puerto Rico Fire Service*, 715 F.2d 694, 697 (1st Cir. 1983). Puerto Rico, moreover, has neither expressly nor impliedly waived this constitutional protection for suits brought against it in federal court. *Colon–Rivera v. Puerto Rico Dept. of Soc. Serv.*, 736 F.2d 804, 807 (1st Cir.1984). Thus, the defendants have correctly asserted an eleventh amendment defense to plaintiff's claim.

Plaintiff argues that its suit falls within the narrow exceptions to the eleventh amendment jurisdictional bar. We disagree. The Supreme Court in *Ex Parte Young*, 209 U.S. 123, 28 S.Ct. 441, 52 L.Ed. 714 (1908), did hold that a suit challenging the constitutionality of a state official's action is not one against the state itself, and thus not subject to eleventh amendment immunity. The Court reasoned that the eleventh amendment did not shield state officials from their "responsibility to the supreme authority of the United States." *Id.* at 160. Plaintiff, however, has failed to allege sufficient serious infractions by the defendants to warrant constitutional scrutiny.

 Plaintiff claims that its exclusion from the bidding process for the Department of Education contract amounted to a deprivation of "property" without due process of law in violation of the fourteenth amendment.[1] To have a property interest in a benefit, a person must have a legitimate claim of entitlement under state law. *Bishop v. Wood*, 426 U.S. 341, 344, 96 S.Ct. 2074, 2077, 48 L.Ed.2d 684 (1976); *Board of Regents v. Roth*, 408 U.S. 564, 577, 92 S.Ct. 2701, 2709, 33 L.Ed.2d 548 (1972). The applicable state statutes in the present case are the *General Services Administration Act*, Law No. 164, of July 23, 1974, 3 L.P.R.A. § 931 *et seq.*, and the *Bid Regulations*, Law No. 5, of June 8, 1979, as amended in 1986.

Law 164 establishes and defines the powers of the General Services Administration for the Commonwealth of Puerto Rico. The Bid Regulations, in turn, were enacted pursuant to Law 164. Article 7 of the Regulations, in particular, addresses the rights of the contractors listed in the Bidders Registry. Specifically, Article 7(8)(a) guarantees an invitation to all bidders *for the category for which they are registered* (our emphasis). Plaintiff is a registered bidder with the General Services Administration. The object of the bid in question

---

1. The plaintiff must plead facts demonstrating a due process violation under the color of state law in order to satisfy the prima facie requirements of a section 1983 claim. *Monroe v. Pape*, 365 U.S. 167, 170–71, 81 S.Ct. 473, 475, 5 L.Ed.2d 492 (1961). Thus, the court must first determine whether plaintiff has alleged a legitimate constitutional violation before addressing plaintiff's section 1983 claim.

was a process camera, an item classified as C–42 or F–21. *See* Defendant's Brief, Exhibit A. However, neither of these items is listed on plaintiff's bid registration form. *See* Defendant's Brief, Exhibit T1. Thus, according to the regulations, plaintiff did not have a legitimate expectation or entitlement to be invited to this particular bid call.

We find, therefore, that plaintiff did not have a constitutionally protected property interest in being included in the bidding process for the process camera. Consequently, the eleventh amendment bars federal judicial review of plaintiff's claim.[2] We grant defendants' motion for judgment on the pleadings.

IT IS SO ORDERED.

---

**2.** Because we find that plaintiff has not pleaded a sufficient constitutional violation to merit federal review, we will not examine the propriety of the different types of relief requested. However, even if plaintiff had alleged a substantial constitutional claim, this court could award neither prospective nor retroactive relief against state officials exclusively on the basis of state law. *Pennhurst State School & Hosp. v. Halderman,* 465 U.S. 89, 107, 104 S.Ct. 900, 911, 79 L.Ed.2d 67 (1984); *Colon–Rivera v. Puerto Rico Dept. of Soc. Serv.,* 736 F.2d 804, 807 (1st Cir. 1984).