**Gloria E. Barreto FRED,**
**Plaintiff, Appellee,**

v.

**Awilda Aponte ROQUE,**
**Defendant, Appellant.**

**Nos. 90–1365, 90–1429.**

United States Court of Appeals,
First Circuit.

Submitted Sept. 14, 1990.

Decided Oct. 11, 1990.

Raul Barrera Morales, on brief, Santurce, Puerto Rico, for plaintiff, appellee.

Jorge E. Perez–Diaz, Sol. Gen., Norma Cotti–Cruz, Deputy Sol. Gen. and Anabelle Rodriguez–Rodriguez, Asst. Sol. Gen., on brief, San Juan, Puerto Rico, for defendant, appellant.

Before BREYER, Chief Judge, SELYA and CYR, Circuit Judges.

PER CURIAM.

These are appeals from a Puerto Rico district court judgment awarding back pay to an employee of the Department of Education. Because the Eleventh Amendment bars federal courts from imposing such retroactive damage awards against a state or territorial government, we reverse.

The relevant facts of this case are as follows. The plaintiff-appellee, Mrs. Gloria E. Barreto Fred, a career school adminis-

trator, was demoted from her position as Assistant Superintendent V to the position of Secondary Teacher of Spanish, the latter position paying $415 per month less than the former. This demotion took place shortly after the 1984 gubernatorial election in Puerto Rico, leading Mrs. Barreto to the conclusion that her demotion was politically motivated.[1]

Mrs. Barreto subsequently brought suit in federal court seeking injunctive and declaratory relief as well as damages, based upon the First and Fourteenth Amendments to the United States Constitution, the Civil Rights Act, as amended, 42 U.S.C. § 1983, the Constitution of the Commonwealth of Puerto Rico, and P.R. Laws Ann. tit. 3, § 1301 et seq.

The defendant is the Secretary of Education, Mrs. Awilda Aponte–Roque. At the outset, she was named both personally and in her official capacity. In April 1988, Mrs. Aponte–Roque filed a "Motion for Summary Judgment and/or Stay of Proceedings." The district court granted partial summary judgment for the defendant solely in regard to the issue of qualified immunity, see Harlow v. Fitzgerald, 457 U.S. 800, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982), and dismissed all claims for damages against Mrs. Aponte–Roque. The plaintiff appealed this partial grant of summary judgment, but subsequently the appeal was dismissed.

A bench trial was held on the remaining issues, resulting in judgment for the plaintiff. The judgment included reinstatement and an order for back pay in the amount of $415 per month for every month since Mrs. Barreto's demotion.

Mrs. Aponte–Roque brings this appeal of the district court judgment solely on the issue of back pay. As we shall explain

below, the district court erred in ordering the award of back pay, and therefore we reverse. We do not address the reinstatement order as appellant has not challenged it.

*Discussion*

1. *Mrs. Aponte–Roque is not liable in her personal capacity for back pay.*

■ As mentioned above, the district court granted partial summary judgment for the defendant on the issue of qualified immunity and dismissed all claims for damages against Mrs. Aponte–Roque. As plaintiff's earlier appeal was dismissed, and she failed to appeal after entry of final judgment, the ruling that defendant is immune from damages liability in her individual capacity is no longer open to challenge.[2] From that point on, Mrs. Aponte–Roque was a party to this suit only in her official capacity as Secretary of the Department of Education. Consequently, any award of back pay which is to be paid must come from the coffers of the Commonwealth of Puerto Rico.

2. *The Eleventh Amendment is a Bar to Damage Awards against the States in Federal Court.*

■ The Supreme Court has consistently held that an unconsenting state is immune from suits brought by her own citizens as well as citizens in other states. See, e.g., Edelman v. Jordan, 415 U.S. 651, 657, 94 S.Ct. 1347, 1353, 39 L.Ed.2d 662 (1973). This principle applies equally to the Commonwealth of Puerto Rico. Ramirez v. Puerto Rico Fire Service, 715 F.2d 694, 697 (1st Cir.1983); Ezratty v. Puerto Rico, 648 F.2d 770, 776 n. 7 (1st Cir.1981). Thus, Puerto Rico may not be sued for damages in federal court unless the Commonwealth

---

1. Mrs. Barreto is not the only employee of the Department of Education to feel this way. *See, e.g., Marin–Piazza v. Aponte–Roque,* 873 F.2d 432 (1st Cir.1989); *Figueroa v. Aponte–Roque,* 864 F.2d 947 (1st Cir.1989); *Acevedo v. Aponte Roque,* 684 F.Supp. 18 (D.P.R.1988); *Carrasquillo v. Aponte Roque,* 682 F.Supp. 137 (D.P.R. 1988); *Rojas v. Aponte–Roque,* 678 F.Supp. 23 (D.P.R.1987).

2. To the extent plaintiff is arguing that back pay is equitable relief and that immunity from dam-

ages liability does not bar an award of such equitable relief against the defendant in her personal capacity, we disagree. When a defendant is "entitled to qualified immunity he can under no theory be held liable in his *individual* capacity for the back pay award, which, in any event must be paid by or on behalf of the employer by definition." *Figueroa-Rodriguez v. Aquino,* 863 F.2d 1037, 1043 n. 7 (1st Cir.1988) (emphasis in original).

has consented, or its immunity has been waived, or Congress has overridden the immunity. *Ramirez,* 715 F.2d at 697. It is clear that none of these exceptions are applicable here. *See, e.g.,* P.R. Laws Ann. tit. 32, § 3085; *Ezratty,* 648 F.2d at 776. Accordingly, any relief granted below must comport with the strictures of the Eleventh Amendment.[3]

In a section 1983 action, "a federal court's remedial power, consistent with the Eleventh Amendment, is necessarily limited to prospective injunctive relief ... and may not include a retroactive award which requires payments of funds from the state treasury." *Edelman v. Jordan,* 415 U.S. at 677, 94 S.Ct. at 1362. Back pay is a retroactive award, and consequently payment thereof from the Commonwealth of Puerto Rico may not be sought in a federal forum. *See Colon–Rivera v. Puerto Rico Department of Social Services,* 736 F.2d 804, 806 (1st Cir.1984), *cert. denied,* 469 U.S. 1112, 105 S.Ct. 795, 83 L.Ed.2d 788 (1985); *Fernández v. Chardón,* 681 F.2d 42, 59 (1st Cir.1982).

Mrs. Aponte–Roque is now a party to this suit only in her official capacity as Secretary of the Department of Education. "Where ... claims are made against a government official acting in a purely representative role, the suit must be regarded as one against the sovereign." *Northeast Federal Credit Union v. Neves,* 837 F.2d 531, 533 (1st Cir.1988). Were this award of back pay to be made, the funds would not come from Mrs. Aponte–Roque personally, but from the Department of Education, and therefore from the Commonwealth.[4] *See Fernández,* 681 F.2d at 60. Because the

Eleventh Amendment bars the federal courts from awarding this sort of retroactive judgment which will necessarily be paid with funds from the state treasury, the order of the district court which granted this award of back pay must be reversed.

We need go no further. Although appellant also filed a notice of appeal in respect to the award of attorneys' fees, she did not brief the issue. She has, therefore, waived it. *See United States v. Zannino,* 895 F.2d 1, 17 (1st Cir.), *cert. denied,* — U.S. ——, 110 S.Ct. 1814, 108 L.Ed.2d 944 (1990); *Collins v. Marina–Martinez,* 894 F.2d 474, 477 n. 4 (1st Cir.1989).

*In No. 90–1365, that portion of the judgment awarding back pay is reversed. In No. 1429, the award of attorneys' fees is affirmed. No fees or cost on appeal to any party.*

---

**3.** The district court did not specify whether it granted relief based upon section 1983, Puerto Rico law, or both. A state or territory is not a person for section 1983 purposes, and a suit against an official in her official capacity is no different from a suit against the state. *Will v. Michigan Department of Corrections,* — U.S. ——, 109 S.Ct. 2304, 2311–12, 105 L.Ed.2d 45 (1989). Therefore, if the back pay award was based solely on section 1983 grounds, it could even now be dismissed for lack of jurisdiction. *Wilson v. Brown,* 889 F.2d 1195, 1197 (1st Cir. 1989). However, appellant did not contest reinstatement and does not urge dismissal; and moreover, because of the presence of a color-

able federal question at the time of trial, the reinstatement order, even if premised on Puerto Rico law, could stand. *Rosado v. Wyman,* 397 U.S. 397, 404, 90 S.Ct. 1207, 1213, 25 L.Ed.2d 442 (1969). Thus, we choose to resolve this appeal as the parties have argued it, that is, on Eleventh Amendment grounds.

**4.** Appellee has not argued that the Department of Education is not an arm of the government of the Commonwealth of Puerto Rico, and hence we assume that it is. *Marin Piazza v. Aponte Roque,* 873 F.2d 432, 437 n. 6 (1st Cir. 1989).