USCA1 Opinion

 

 December 7, 1992 [NOT FOR PUBLICATION] UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT ____________________ No. 92-1084 LEROY H. JOHNSON, Plaintiff, Appellant, v. CHARLES O. WALGREEN, ET AL., Defendants, Appellees. ____________________ No. 92-1085 LEROY H. JOHNSON, Plaintiff, Appellant, v. STANLEY GOLDSTEIN, ET AL., Defendants, Appellees. ____________________ APPEALS FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS [Hon. A. David Mazzone, U.S. District Judge] ___________________ ____________________ Before Breyer, Chief Judge, ___________ Torruella and Boudin, Circuit Judges. ______________ ____________________ Leroy H. Johnson, Jr. on briefs pro se. _____________________ Arthur P. Menard, Duncan S. Payne and Cuddy, Lynch & Bixby on _________________ ________________ _____________________ brief for appellees, Charles R. Walgreen, III, Larry Fixler, Mark Murzyn, John Carver and Walgreen Eastern Co., Inc. Scott Harshbarger, Attorney General, and Amy Spector, Assistant __________________ ____________ Attorney General, on briefs for appellee, Massachusetts Board of Registration in Pharmacy. Peter A. Biagetti, Kathleen D.H. Pawlowski and Mintz, Levin, __________________ _________________________ ______________ Cohn, Ferris, Glovsky and Popeo, P.C., on brief for appellees, Stanley _____________________________________ Goldstein, Harvey Rosenthal, Donna Donarovitch, David Woods, Jim DeVita, Dave Sencebaugh, Melville Corporation and Consumer Value Stores. ____________________ ____________________ Per Curiam. This is a pro se appeal from the ___________ ___ __ district court's judgments dismissing plaintiff-appellant's amended complaints in two companion civil rights and employment discrimination actions. Finding no error, we affirm. Appellant Leroy H. Johnson, Jr., a black man and disabled veteran, was 56 years old when he graduated from the Massachusetts College of Pharmacy (the "College") in December, 1987. He became licensed as a registered pharmacist in Nevada in 1988 and in Massachusetts in 1989. In January 1991, after repeated attempts to gain employment, Johnson sued an assortment of individual and corporate Walgreen Drug Corp. ("Walgreen") and Consumer Value Stores ("CVS") defendants alleging that they had refused to hire him as a registered pharmacist because of his race and his age. In addition, the Massachusetts Board of Registration in Pharmacy1 (the "Board") was charged with depriving him, and conspiring "with private entities and [their] agents" to deprive him, of equal protection of the laws and other rights secured by the Thirteenth and Fourteenth Amendments to the Constitution, and of refusing to act so as prevent such deprivations.2 The facts and their logical consequents, as gleaned from the original and ____________________ 1. The Board of Pharmacy is an agency of the Commonwealth responsible for the regulation of the practice of pharmacy. 2. The College was also named in the amended complaint, but the record does not show that they were served, nor did they enter an appearance below or otherwise respond. We deem those claims waived. amended complaints, and which, at this stage, we take to be true, see Dartmouth Review v. Dartmouth College, 889 F.2d ___ ________________ __________________ 13, 16 (1st Cir. 1989), indicate the following. I. I. A. Background. A. Background. During his senior year at the College, prospective employers held on-campus interviews for applicants interested in employment. Johnson responded to Walgreen's and CVS's advertisements for pharmacist positions, and, in the Spring of 1987, an interview was set up with Walgreen. However, on the appointed day, after waiting more than an hour and a half beyond the scheduled time for the interview, Johnson left when the Walgreen representative ignored him and chose to interview a later arrival instead. Between 1988 and 1991 Johnson responded several times to Walgreen's advertisements for pharmacy positions; he also contacted Walgreen's chief executive officer at least twice with requests for interviews. None were forthcoming. Johnson was interviewed three times by CVS. First, on campus in the Spring of 1987, next, after graduation, and again after registration as a pharmacist. In addition to refusing to hire him, Johnson alleges that CVS failed to interview him when he responded to their advertisements for pharmacist positions in the same 1988- -4- 1990 time frame. Johnson claims that, during the time in question, both companies employed no more than one or two black pharmacists at the locations in the Commonwealth to which Johnson had applied for work. In August 1990 Johnson filed a complaint with the Board of Pharmacy charging that Walgreen and CVS exhibited race and age discrimination by their repeated failures to consider him for a pharmacist position. Johnson requested a hearing, but, after an informal conference, the Board recommended that Johnson's employment discrimination charges be filed with the Massachusetts Commission Against Discrimination (the "MCAD"). Without deciding Johnson's complaint, the Board stated that if the MCAD substantiated the allegations, the Board would "aggressively pursue" the matter.3 B. Proceedings below. B. Proceedings below. In January 1991 Johnson filed these pro se actions ___ __ against Walgreen, CVS, and the Board. He alleged that both Walgreen and CVS had followed a policy and practice of ____________________ 3. Johnson's complaint in district court would charge that 1) prior to graduation from the College, an agent of the Board entered a pharmacy where the plaintiff worked part-time and publicly stated that Johnson would never become a registered pharmacist in Massachusetts, and 2) another member of the Board tried to stop him from taking one part of the pharmacist certifying exam and, in so doing, subjected him to public humiliation and intimidation. -5- employment discrimination on the basis of age and race in violation of several civil rights and statutory provisions: Title VII of the Civil Rights Act of 1964, 42 U.S.C. 2000e; the Age Discrimination in Employment Act, 29 U.S.C. 621 et seq. ("ADEA"); 42 U.S.C. 1981, 1982, 1983 and _______ 1985; and the Veterans Reemployment Act, 38 U.S.C. 2021 et seq. Johnson alleged that the Board, by failing to give _______ him a meaningful hearing or act on his complaint, deprived him of his right to equal protection and due process, and conspired with the other defendants to ensure that he never worked as a pharmacist, in violation of his civil rights under 42 U.S.C. 1981, 1983 and 1985(3).4 Also asserted were various state common-law claims against all defendants. The complaint sought exemplary, compensatory and punitive damages and a remedial order allowing him to work as a pharmacist for 90 days. After some discovery, all defendants moved to dismiss or for summary judgment. The district court held a hearing and dismissed the federal claims in both actions, declining to reach the state common-law counts. ____________________ 4. While not unambiguous, we do not read Johnson's complaint to assert Title VII or ADEA claims against the Board. In any event, as noted by the district court, the Board, in performing licensing activities, is not an employer within the meaning of either statute. See, e.g., EEOC v. Waterfront ___ ____ ____ __________ Comm. of New York Harbor, 665 F. Supp. 197, 200 (S.D.N.Y. _________________________ 1987) (ADEA); Haddock v. Board of Dental Examiners, 777 F.2d _______ _________________________ 462, 463 (9th Cir. 1985) (Title VII). -6- The court found Johnson's civil rights claims against the Board -- premised upon the assertion that it had a statutory duty to act as a "watch dog" over the practice of pharmacy -- barred by the Eleventh Amendment. In addition, the court decided that Johnson had failed to state a factual basis for any of the claims under 1981, 1983 and 1985, also warranting dismissal under Fed. R. Civ. P. 12(b)(6). The Title VII and ADEA claims against Walgreen and CVS were dismissed as untimely for failure to exhaust administrative remedies. The 1983 claims against both defendants were dismissed for failure to allege any action which could fairly be attributed to the state.5 Similarly, the court decided that Johnson had failed to show the existence of any conspiracy ( 1985), or the deprivation of any contract right ( 1981), or property right ( 1982) in support of the other civil rights claims. The Veteran's Reemployment Act was found simply ____________________ 5. The district court also stated that the 1983 claims appeared to have been filed beyond the applicable three year statute of limitations. This, in turn, was premised upon a subsidiary finding that "the time frame of the events which underlay the case was between 1986 and 1987." However, Johnson claimed that he continued to apply for employment as a pharmacist into 1990, and contended that both Walgreen and CVS committed a "continuing violation." See Mack v. Great ___ ____ _____ Atlantic & Pacific Tea Co., 871 F.2d 179, 182-83 (1st Cir. ___________________________ 1989). Since the dismissal of the 1983 claims is adequately supported for other reasons, we need not decide whether Johnson's facts fit the framework of that theory. -7- inapplicable, in that it applied only to the re-hiring of a former employee.6 II. II. A. Walgreen and CVS A. Walgreen and CVS a) The Title VII and ADEA claims. a) The Title VII and ADEA claims The appellant has conceded, contrary to assertions in his complaint, that he has never resorted to any administrative remedy within the time-frame mandated either by Title VII, 42 U.S.C. 2000e-5(e) or the ADEA, 29 U.S.C. 626(d). While the appellant correctly notes that the failure to make such filings is not a jurisdictional prerequisite to suit, Zipes v. Trans World Airlines, Inc., _____ __________________________ 455 U.S. 385, 393 (1982), they, nonetheless, cannot be waived at the plaintiff's option. Oscar Mayer & Co. v. __________________ Evans, 441 U.S. 750, 757 (1979) (under both Title VII and _____ the ADEA, "resort to administrative remedies in deferral states [such as Massachusetts] is mandatory, not optional"). Johnson attempts to excuse his failure to file on the basis of futility: that the relevant state agency, the MCAD, simply takes too long to resolve these matters. The ADEA, however, only requires that a Massachusetts claimant commence an appropriate grievance ________ before proceeding to federal court, 29 U.S.C. 633(a); a ____________________ 6. This ruling is clearly correct and does not warrant further discussion. -8- Title VII claimant must first receive a "right to sue" letter, 42 U.S.C. 2000e-5(f)(1). We take a "narrow view" of equitable exceptions to these prerequisites to suit. Mack v. Great Atlantic & Pacific Tea Co., Inc., 871 F.2d ____ ________________________________________ 179, 185 (1st Cir. 1989) (Title VII); Castro v. United ______ ______ States, 775 F.2d 399, 403-04 & n.4 (1st Cir. 1985) (ADEA). ______ Having, admittedly, made no attempt whatsoever to comply with the statutory preconditions which mandate an attempt to conciliate differences,7 or shown "special facts justifying an equitable tolling," Ciccone v. Textron, Inc., _______ _____________ 616 F.2d 1216, 1217 (1st Cir.), vacated on other grounds, _________________________ 449 U.S. 914 (1980), the appellant cannot rely upon the excuse of futility for failing to pursue administrative relief. The district court properly dismissed the Title VII and ADEA claims. b) The Civil Rights claims. b) The Civil Rights claims. ____________________ 7. There is no question but that the appellant was well aware of these requirements. In Johnson v. Rodriguez, 943 _______ _________ F.2d 104 (1st Cir. 1991), cert. denied, 112 S. Ct. 948 _____________ (1992), the appellant asserted, in another employment discrimination suit, that the MCAD's delay in adjudicating the merits of his claim had denied him due process. In finding the belated complaint in federal court frivolous, we stated: "[Mere] slowness in the [MCAD's] decisionmaking process, without more, did not infract state law or otherwise impinge on a protected interest." Id. at 110. ___ -9- 1. 1983. Title VII, like the ADEA, creates an ______ exclusive remedy for a violation of its terms. Polson v. ______ Davis, 895 F.2d 705, 710 (10th Cir. 1990); Izquierdo Prieto _____ ________________ v. Mercado Rosa, 894 F.2d 467, 469 (1st Cir. 1990) (ADEA ____________ provides a "comprehensive statutory remedy that may not be bypassed through the means of an action under 42 U.S.C. 1983"). In Izquierdo Prieto, 894 F.2d at 470, we found ________________ that the plaintiff had failed to establish at trial a violation of any constitutional right to be free of discrimination based on age, and reserved the question whether the ADEA's statutory scheme preempted a remedy under 1983 for alleged violations arising out of the same conduct. Johnson's assorted civil rights claims, however, focus exclusively upon discrimination on the basis of race. The complaint, fairly read, asserts the deprivation of two independent rights: the right, under Title VII, to be free from discriminatory hiring practices, and the right, grounded in the equal protection clause of the Fourteenth Amendment, to be free of race discrimination.8 We agree ____________________ 8. Although Johnson has attempted to assert a claim that the refusal to hire deprived him of a protected property interest without due process of law, such interests are clearly absent here. A pharmacist license does not bestow an automatic right to employment. Coyne v. City of Somerville, 972 F.2d _____ __________________ 440, 443 (1st Cir. 1992) (state teacher certification requirement does not confer a job "entitlement" upon any particular applicant); see Board of Regents v. Roth, 408 U.S. ____ ________________ ____ 564, 577-78 (1972) (the "need", "desire" or "unilateral -10- with the district court's implicit conclusion that when employment practices violate Title VII and a separate and ___ independent constitutional or statutory right, an aggrieved individual is not necessarily limited to Title VII in the search for relief, and may pursue additional remedies under 1983. Bradley v. Pittsburgh Bd. of Education, 913 F.2d _______ ___________________________ 1064, 1078-79 (3d Cir. 1990) (collecting cases); Johnston ________ v. Harris County Flood Control Dist., 869 F.2d 1565, 1573- _________________________________ 76 (5th Cir. 1989), cert. denied, 493 U.S. 1019 (1990); see ____ ______ ___ also Alexander v. Gardner-Denver Co., 415 U.S. 36, 48 ____ _________ ___________________ (1974). Nonetheless, the district court correctly decided that Johnson's claim for relief under 1983 failed to allege facts indicating that Walgreen's or CVS's conduct implicated state action. "That a private entity performs a function which serves the public does not make its acts state actions." Rendell-Baker v. Kohn, 457 U.S. 830, 842 _____________ ____ (1982) (employment decision made by private school that receives public money and is subject to certain regulatory constraints is not "state action"). Nor are Johnson's largely conclusory allegations that Walgreen and CVS acted in concert with the Board to deprive him of federal rights adequate to categorize such ____________________ expectation" of future employment does not give rise to the level of an entitlement protected by procedural due process); see also note 10 infra, at 13. ___ ____ _____ -11- conduct as "under color of" state law for 1983 purposes. See Rendell-Baker, 457 U.S. at 838 n.6 ("[T]he acts of a ___ _____________ private party are fairly attributable to the state . . . [only] when the private party acted in concert with state actors"); Dennis v. Sparks, 449 U.S. 24, 28 (1980). Merely ______ ______ refusing to interview or hire an applicant for an advertised pharmacist position, does not, per se, convert Walgreen or CVS into conspiratorial actors with the Board. Johnson does not allege, for example, that the employment decision not to interview or hire him was based upon some "understanding" reached with the Board, and no other facts are detailed to support an inference that the Board played any role in Walgreen's or CVS's personnel decisions.9 See ___ Coyne v. City of Somerville, 972 F.2d 440, 444 (1st Cir. _____ __________________ 1992). On the contrary, the Board entertained Johnson's discrimination complaint against Walgreen and CVS, and recommended that the MCAD be contacted. The fact that the ____________________ 9. The only specific allegation by Johnson to bolster a conspiracy claim is the unadorned statement: "Did you send that Black Flunkie to me for a pharmacist position?", made, apparently to a member of the Board, by one of the individual CVS defendants. There are no hints as to what any of the other defendants may have done to further the alleged conspiracy. It is a rule of long-standing that civil rights conspiracy complaints must, in order to survive a motion to dismiss, be supported by specific facts showing the "existence and scope of the alleged conspiracy." Slotnick v. ________ Staviskey, 560 F.2d 31, 33 (1st Cir. 1977), cert. denied, 434 _________ _____ ______ U.S. 1077 (1978). -12- Board licenses pharmacists in the Commonwealth and takes certain actions, i.e., investigating complaints with respect to the practice of pharmacy, is insufficient to transform a hiring decision by a private party otherwise subject to regulation by the Board into state action. See ___ Rendell-Baker, 457 U.S. at 841-42; Mendez v. Belton, 739 _____________ ______ ______ F.2d 15, 17-18 (1st Cir. 1984). Johnson has failed to state a claim of race discrimination under 42 U.S.C. 1983. 2. 1985(3) Private conspiracies that do not _________ involve the state are within the remedial reach of 1985(3). Griffin v. Breckenridge, 403 U.S. 88, 104 (1971). _______ ____________ However, rights created by Title VII cannot be the basis of a 1985(3) claim, Great American Federal Savings & Loan _______________________________________ Ass'n v. Novotny, 442 U.S. 366, 378 (1979), which "requires _____ _______ proof of a conspiracy to violate independent rights."10 Rice v. New England College, 676 F.2d 9, 11 (1st Cir. ____ ____________________ 1982). To the extent that Johnson attempts to vindicate some other "independent" federal right, Novotny, 442 U.S. _______ at 376, Johnson has, as discussed above, failed to show any factual basis for the charge that Walgreen and CVS conspired with each other, or with the Board, or its ____________________ 10. As Justice Powell observed, concurring in Novotny, the _______ "Court has never held that the right to any particular private employment is a right of national citizenship, or derives from any other right created by the Constitution." Novotny, 442 U.S. at 380 (punctuation and citation omitted). _______ -13- officials or agents, to deprive Johnson of a pharmacy position on the basis of race. Johnson's amorphous allegations fail to establish, or even suggest, that which Title VII does not require: a conspiracy between two or more persons, plus the existence of class-based discriminatory motive. Id.; see Griffin, 403 U.S. at 102- ___ ___ _______ 103. The 1985(3) claims were properly dismissed for failure to allege detailed facts upon which relief can be granted. Mendez, 739 F.2d at 19. ______ 3. 1981 Johnson also alleges purposeful refusal ______ to hire on the basis of race in violation of 42 U.S.C. 1981. That section, which extends to private conduct as well as state action, prohibits, inter alia, "when based on _____ ____ race, the refusal to enter into a contract with someone, as well as the offer to make a contract only on discriminatory terms." Patterson v. McLean Credit Union, 491 U.S. 164, _________ ____________________ 175, 177 (1989). When, as here, wrongful conduct in the making of a contract is alleged, Title VII remedies do not preempt those available under 1981. Id. at 182; Johnson ___ _______ v. Railway Express Agency, Inc., 421 U.S. 454, 459 (1975) _____________________________ (Title VII and 1981 "augment each other and are not mutually exclusive"). Thus, while a racially motivated refusal-to-hire claim is actionable under 1981, an examination of the complaint here reveals that Johnson has failed to state -14- facts which are sufficient to lead to the "reasoned inference" that Walgreen or CVS failed to hire him "because of" his race, or that those defendants possessed any particular animus toward black applicants. Dartmouth _________ Review, 889 F.2d at 18 & n.4. On the contrary, the fact ______ that the defendants had hired other black pharmacists suggests that the failure to interview or hire Johnson was for objective reasons. In any event, "unfairness alone does not invoke the statute." Id. at 19. Without "some ___ meaningful, fact-specific . . . causal link" upon which a permissible inference of race-based discrimination could be premised, id., Johnson has failed to make out a cognizable ___ 1981 claim. 4. 1982 While 42 U.S.C. 1982 applies to _______ private actors, and does not require state action, Johnson has not shown that the defendant's actions adversely affected any interest in "real" or "personal" property within the intended reach of that statute. See Memphis v. ___ _______ Greene, 451 U.S. 100, 122 & n.35 (1981). The alleged ______ violation of 1982 was properly dismissed for failure to state a claim. B. The Board B. The Board Johnson's civil rights claims against the Board, which, at bottom, seek the recovery of monetary damages from the Commonwealth, are clearly barred by the Eleventh -15- Amendment. Edelman v. Jordan, 415 U.S. 651, 668-69 (1974); _______ ______ Fred v. Roque, 916 F.2d 37, 39 (1st Cir. 1990). As an "arm ____ _____ of the state", the Board is not a "person" within the meaning of 1983 and shares the Commonwealth's immunity from suit for damages. Wilson v. Brown, 889 F.2d 1195, ______ _____ 1197 (1st Cir. 1989) (citing Will v. Michigan Dep't of ____ __________________ State Police, 491 U.S. 58, 70-71 (1989)). "This _____________ jurisdictional bar applies regardless of the nature of the relief sought" against a state agency. Pennhurst State _______________ School & Hospital v. Halderman, 465 U.S. 89, 100 (1984) _________________ _________ (citations omitted). Although the amended complaint vaguely suggests claims against Board members in their individual capacities (intimating that Johnson seeks to hold certain state actors personally liable for monetary damages, thus avoiding the Eleventh Amendment bar, Kentucky ________ v. Graham, 473 U.S. 159, 166-67 (1985)), no state official ______ is a named party, no Board members are identified by name in the complaint, none were served, and the complaint makes no allegations whatsoever as what role such officials played so that the action could fairly be read as one -16- against a state official.11 Johnson had ample opportunity to correct any defects along this line. Since it is evident that the Board has not waived its immunity or otherwise consented to suit, the claims under 1981 and 1985(3) were also properly dismissed as proscribed by the Eleventh Amendment. Freeman v. Michigan _______ ________ Dep't of State, 808 F.2d 1174, 1178-79 (6th Cir. 1987) ( ______________ 1981); True v. New York State Dep't of Correctional ____ _________________________________________ Services, 613 F. Supp. 27, 31 (W.D.N.Y. 1984) ( 1985(3)). ________ III. III. ____ Because all of the federal claims were properly dismissed, the district court correctly dismissed the pendent state-law claims without prejudice. United Mine ___________ Workers v. Gibbs, 383 U.S. 715, 726 (1966) ("[I]f the _______ _____ federal claims are dismissed before trial, ... the state claims should be dismissed as well."); Carnegie-Mellon _______________ Univ. v. Cohill, 484 U.S. 343, 350 (1987). _____ ______ The judgments of the district court are affirmed. ________ Appellant's motion to a single judge is denied. ____________________ 11. Johnson assertions that on two occasions unnamed agents or members of the Board publicly humiliated or intimidated him, allege, at most, mere negligence or lack of due care by those officials in the conduct of their duties, and, as such, do not state a claim under 1983. Daniels v. Williams, 474 _______ ________ U.S. 327, 330-32 (1986); Davidson v. Cannon, 474 U.S. 344, ________ ______ 347 (1986). -17-