USCA1 Opinion

 

 June 5, 1996 [NOT FOR PUBLICATION] UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT ____________________ No. 95-1801 BRENDAN MCGUINNESS, Plaintiff, Appellant, v. LARRY DUBOIS, ETC., ET AL., Defendants, Appellees. ____________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS [Hon. William G. Young, U.S. District Judge] ___________________ ____________________ Before Torruella, Chief Judge, ___________ Stahl and Lynch, Circuit Judges. ______________ ____________________ Brendan M. McGuinness on brief pro se. _____________________ Nancy Ankers White, Special Assistant Attorney General, William ___________________ _______ D. Saltzman and Rosemary Ford on brief for appellees. ___________ _____________ ____________________ ____________________ Per Curiam. Brendan McGuinness has filed an appeal from __________ two separate actions, filed pursuant to 42 U.S.C. 1983, which were consolidated in the district court. The district court rulings can be found at McGuinness v. Dubois, 891 F. __________ ______ Supp. 25 (D. Mass. 1995) and McGuinness v. Dubois, 893 F. __________ ______ Supp. 2 (D. Mass. 1995). Upon careful review of the parties' briefs and the record on appeal, we affirm. 1. McGuinness has appealed the grant of summary judgment in favor of the defendant prison officials on his two-part claim that his six-month confinement (imposed for his attempt to flush his sweatshirt down his cell toilet) to the Department Disciplinary Unit (the DDU) at the Massachusetts Correctional Institute at Cedar Junction violated Mass. Gen. L. ch. 127,  401 [hereinafter "the isolation statute"] because (i) 1 conditions in the DDU amount to isolation and their application in excess of 15 days violates the isolation statute and (ii) confinement to the DDU is for disciplinary purposes and, thus pursuant to that statute, confinement may not exceed 15 days for any one offense. The district court  ____________________ 1Mass. Gen. L. ch. 127, 40 states: 1 For the enforcement of discipline, an inmate in any correctional institution of the commonwealth may, at the discretion of its superintendent, be confined, for a period not to exceed fifteen days for any one offence, to an isolation unit. Such isolation units must provide light, ventilation and adequate sanitary facilities, may contain a minimum of furniture, and shall provide at least one full meal daily. -3- concluded that isolation and confinement in the DDU are distinct forms of incarceration authorized by statute and, thus, McGuinness' six-month term of confinement did not impermissibly conflict with the isolation statute. McGuinness v. Dubois, 891 F. Supp. at 27-29. __________ ______ We affirm, but on a different ground. Medina-Munoz v. ____________ R.J. Reynolds Tobacco Co., 896 F.2d 5, 7 (1st Cir. 1990) (in _________________________ reviewing a summary judgment, a court of appeals is not limited to the district court's reasoning, but may affirm on any independently sufficient ground). McGuinness' argument on appeal is a straightforward claim, unadorned by any reference to constitutional underpinnings, that the prison regulation authorizing a sentence to the DDU in excess of 15 days, see 103 CMR 430.25(3)(d), violates state law. However, ___ "[m]erely erroneous applications of state statutes do not present a question of federal constitutional magnitude as long as there is an adequate state remedy." Colon-Rivera v. ____________ Puerto Rico Dep't of Soc. Serv., 736 F.2d 804, 806 (1st Cir. _______________________________ 1984) (per curiam), cert. denied, 469 U.S. 1112 (1985). _____________ There is no evidence, indeed no contention, of an inadequate state remedy in this case. See also Coyne v. City of _________ _____ ________ Somerville, 972 F.2d 440, 444 (1st Cir. 1992) ("It is bedrock __________ law in this circuit, however, that violations of state law - even where arbitrary, capricious, or undertaken in bad faith -4- - do not, without more, give rise to denial of substantive due process under the U.S. Constitution."). 2. McGuinness has also appealed the district court's ruling that the defendants are entitled to qualified immunity on his claim that the denial of his request for witnesses at his April 7, 1993 prison disciplinary hearing (for his assault of a prison guard) violated due process -- a ruling that also permitted the defendants to rehear that disciplinary matter. McGuinness v. Dubois, 891 F. Supp. at 31-36. The defendants __________ ______ have not appealed the grant of a declaratory judgment in McGuinness' favor that held that they had violated a prison regulation, which the district court construed as a state- created liberty interest protected by the Due Process Clause and which the court interpreted to require an individualized assessment regarding whether calling a particular inmate witness would be unduly hazardous to institutional safety or correctional goals. We have no cause, therefore, to review that declaratory judgment. But see McGuinness v. Dubois, 75 _______ __________ ______ F.3d 794, 798-800 (1st Cir. 1996) (per curiam) (reserving the question whether reliance on an across-the-board prison policy denying requests for live testimony from general population inmates at disciplinary hearings held in a segregated wing violates federal due process and, on the facts of the case, reversing the court's finding of a due -5- process violation).2 But, as our own recitation of the 2 state of the law reveals a less than clearly established constitutional right of which a reasonable officer would have known, see id. at 799-800, we conclude that, in any event, ___ ___ the district court's conclusion that the defendants are entitled to qualified immunity is correct. And, we perceive neither error nor abuse of discretion in permitting the defendants to rehear the disciplinary matter. 3. Finally, McGuinness appeals the district court's ruling that the defendants are entitled to qualified immunity on his claim that the deprivation of "yard-time," which, due to McGuinness' repetitive recalcitrant behavior, resulted in a cumulative sanction of approximately one year, violated the Eighth Amendment. We affirm, essentially for the reasons stated in the district court's opinion. McGuinness v. __________ Dubois, 893 F. Supp. at 3-4. ______ Affirmed. _________  ____________________ 2Our opinion in McGuinness v. Dubois, 75 F.3d 794 (1st 2 __________ ______ Cir. 1996) (per curiam) issued after the district court's rulings underlying the current appeal. -6-