**Enid MARRERO GUTIERREZ, et al., Plaintiff**

v.

**Esperanza MOLINA, et al., Defendant.**

**No. 03–1256 (JAG).**

United States District Court, D. Puerto Rico.

Aug. 11, 2004.

Liz M. Cruz–Jimenez, Guaynabo, PR, Yassmin Gonzalez–Velez, Nicolas Nogueras, Jr. Law Offices, San Juan, PR, for Plaintiff.

Tessie Leal–Garabis, Quinones & Sanchez, PSC, Isabel Maria Rodriguez–Casellas and Marta E. Vila–Baez, Sanchez Betances & Sifre, P.S.C., San Juan, PR, for Defendant.

## OPINION AND ORDER

GARCIA–GREGORY, District Judge.

On March 10, 2003, the plaintiffs, Enid Marrero Gutierrez (hereinafter "Marrero") and Alejandro Bou Santiago (hereinafter "Bou"), filed suit against Esperanza Molina, Ivan Valez, Ileana Echegoyen, Gabriel Alonso, Nilda Enid Negron, Ramonita Garcia, Wanda Roman, Luis "Tito" Coss and Myrna Crespo Saavedra, in their personal capacities, and against Ileana Echegoyen (hereinafter "Echegoyen"), in her official capacity as Secretary of the Housing Department of the Commonwealth of Puerto Rico (hereinafter "HDCPR") and against Myrna Crespo Saavedra (hereinafter "Crespo"), in her official capacity as Director of Human Resources of the HDCPR, and also against HDCPR, alleging political discrimination pursuant to 42 U.S.C.A § 1983. The Defendants filed an Answer to the Complaint on May 23, 2003. Defendant HDCPR filed a Motion to Dismiss on May 15, 2003, and plaintiff opposed the motion on June 13, 2003. (Docket No. 18).

## FACTUAL BACKGROUND

Plaintiff Marrero worked as a public employee in the Section 8 Program of the Housing Department of HDCPR. Marrero alleges that her performance garnered only praise from her employer throughout her tenure with HDCPR. Marrero served under different party administrations throughout her HDCPR career, but never encountered significant conflicts with changes of officers or directors.

Plaintiff Bou worked as a HDCPR employee for 10 years. Bou alleges that his employer continually extolled his performance throughout his tenure with HDCPR, never warning him of any performance issues. Bou served under various political administrations, but never encountered any significant conflicts with the changes of officers, directors and/or supervisors.

Both Marrero and Bou have openly been and remain strong activists and loyal militants of the New Progressive Party (NPP), the adversary of the Popular Democratic Party(PDP). The defendants are all members of the PDP.

In 2000, the PDP won the elections and gained control of the government. The plaintiffs allege that from or about November 2000 through March 10, 2003, the date of the complaint, the defendants performed, fostered and encouraged the continuous persecution, harassment, transfers, reprisals and demotions of Marrero and Bou because of their affiliation with the NPP.

## DISCUSSION

### A. *Motion to Dismiss Standard*

Pursuant to Fed.R.Civ.P. Rule 12(b)(6), a complaint may not be dismissed unless it appears beyond doubt that plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *See Brown v. Hot, Sexy, and Safer Prods., Inc.,* 68 F.3d 525, 530 (1st Cir.1995). The Court accepts all well-pleaded factual alle-gations as true, and draws all reasonable inferences in plaintiff's favor. *See Correa–Martinez v. Arrillaga–Belendez,* 903 F.2d 49, 51 (1st Cir.1990). The Court need not credit, however, "bald assertions, unsup-portable conclusions, periphrastic circum-locutions, and the like" when evaluating the Complaint's allegations. *Aulson v. Blanchard,* 83 F.3d 1, 3 (1st Cir.1996). When opposing a Rule 12(b)(6) motion, "a plaintiff cannot expect a trial court to do his homework for him." *McCoy v. Massa-chusetts Institute of Tech.,* 950 F.2d 13, 22 (1st Cir.1991). Plaintiffs are responsible for putting their best foot forward in an effort to present a legal theory that will support their claim. *Id.* at 23 (*citing Cor-rea–Martinez,* 903 F.2d at 52). Plaintiffs must set forth "factual allegations, either direct or inferential, regarding each mate-rial element necessary to sustain recovery under some actionable theory." *Gooley v. Mobil Oil Corp.,* 851 F.2d 513, 514 (1st Cir.1988).

### B. Eleventh Amendment Immunity

██ Defendant, HDCPR, moves for dismissal of the present cause of action, arguing that the Constitution bars any re-lief for the plaintiff. The Eleventh Amendment shields unconsenting states against suit by their own citizens and citi-zens of other states. U.S.C.A. Const. Amend. 11. *See Edelman v. Jordan,* 415 U.S. 651, 657, 94 S.Ct. 1347, 39 L.Ed.2d 662 (1974). The First Circuit regards Puerto Rico as a state for the purposes of Eleventh Amendment jurisprudence. *Negron Gaztambide v. Hernandez Torres,* 145 F.3d 410 (1st Cir.1998); *Ramirez v. Puerto Rico Fire Service,* 715 F.2d 694, 697 (1st Cir.1983); *Bernier–Aponte v. Izquierdo–Encarnacion,* 196 F.Supp.2d 93 (D.P.R.2002). Under 17 P.R.L.A. § 1001, HDCPR is an arm of the Commonwealth. Therefore, HDCPR enjoys sovereign im-munity as to the monetary damages

claims, but remains vulnerable to suit for injunctive relief claims.

When adjudging a § 1983 action, "a federal court's remedial power, consistent with the Eleventh Amendment, is necessarily limited to prospective injunctive relief ... and may not include a retroactive award which requires payment of funds from the state treasury." *Barreto Fred v. Aponte Roque*, 916 F.2d 37, (1st Cir.1990)(quoting *Edelman*, 415 U.S. at 677, 94 S.Ct. 1347). However, where injunctive relief impacts the state coffer in a merely collateral manner, a "forward-looking anodyne is not anathematic to the Eleventh Amendment, even in the absence of consent or waiver." *Ramirez*, 715 F.2d at 697. Thus, the Court declines to dismiss the plaintiffs' claims for injunctive relief.

The plaintiff's claims for backpay, compensatory and other monetary relief must necessarily fail under the Eleventh Amendment. Backpay is a retroactive award. *Barreto*, 916 F.2d at 39. As such, a federal court may not order the Commonwealth of Puerto Rico to compensate a plaintiff for backpay. *Id.* Former state employees may not successfully "maintain § 1983 claims for monetary relief against state, or against its officials, in their official capacity, as such claims are barred by the Eleventh Amendment." *Lupo v. Voinovich*, 235 F.Supp.2d 782 (S.D.Ohio 2002). *See Medina Perez v. Fajardo*, 257 F.Supp.2d 467 (D.P.R.2003). The Court, therefore, dismisses the plaintiffs' claims for backpay, compensatory and other monetary relief against HDCPR as an arm of the Commonwealth.

Although the other defendants against whom the plaintiffs assert official capacity claims, Echegoyen and Crespo, have not yet filed motions to dismiss based on sovereign immunity, the Court extends its analysis to preclude actions for monetary relief against these defendants in their official capacities. The Eleventh Amendment bars private parties from bringing suits "to impose liability which must be paid from public funds in the state treasury," regardless of whether the state is explicitly named in the suit. *Edelman*, 415 U.S. at 663, 94 S.Ct. 1347. Therefore, defendants Echegoyen and Crespo are immune to suit in their official capacities, yet remain vulnerable to claims in their personal capacities.

For the foregoing reasons, the Court **GRANTS** in part and **DENIES** in part HDCPR's Motion to Dismiss, as follows: The Court **GRANTS** the defendant's motion to dismiss the plaintiffs' claims for backpay, compensatory, and other monetary relief against HDCPR. The Court **DENIES** defendant's motion to dismiss the plaintiff's claim for injunctive relief. Similarly, the Court **DISMISSES** all monetary claims for relief brought against defendants Myrna Crespo Saavedra and Ileana Echegoyen in their official capacities.

IT IS SO ORDERED.