**Wanda Ivelisse Ayala TORRES, et al., Plaintiffs,**

v.

**UNITED STATES of America, et al., Defendants.**

**No. Civ. 98–14592 RLA.**

United States District Court, D. Puerto Rico.

Oct. 8, 1998.

address the other arguments raised by the parties.

**182**

Linda Backiel, San Juan, Puerto Rico, for plaintiffs.

Lisa E. Bhatia Gautier, Assistant U.S. Attorney, U.S. Attorneys Office, Hato Rey, Puerto Rico, Grisselle González Negrón, Federal Litigation Division, Department of Justice, San Juan, Puerto Rico, for defendants.

*ORDER IN THE MATTER OF CLAIMS AGAINST STATE DEFENDANTS IN THEIR OFFICIAL CAPACITY AND STANDING OF PLAINTIFFS' CONJUGAL PARTNERSHIP TO ASSERT § 1983 CLAIM*

ACOSTA, District Judge.

Local defendants have moved the court to dismiss the claims asserted against them in their official capacity alleging immunity under the Eleventh Amendment. Movants further allege that plaintiffs' conjugal partnership has no standing to bring a claim under 42 U.S.C. § 1983.

This action was filed by WANDA IVELISSE AYALA TORRES, her spouse and their conjugal partnership seeking compensatory and equitable relief based on MRS. AYALA's alleged illegal arrest. Plaintiffs asserted constitutional and tort claims against both federal and local defendants.

**ELEVENTH AMENDMENT**

**Monetary Relief**

The Eleventh Amendment to the United States Constitution bars the commencement and prosecution in federal court of suits claiming damages brought against any state, including Puerto Rico, without its consent. *In re San Juan Dupont Plaza Hotel Fire Lit.*, 888 F.2d 940, 942 (1st Cir. 1989); *Ramirez v. P.R. Fire Serv.*, 715 F.2d 694, 697 (1st Cir.1983); *Fernandez v. Chardon*, 681 F.2d 42, 59 n. 13 (1st Cir.1982).

The Eleventh Amendment provides:

The judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State.

Actions filed against government officials in their official capacity are deemed actions against the state since the real party in interest is the government and not the official. Eleventh Amendment immunity applies even though the state has not been named in the suit. *Hafer v. Melo*, 502 U.S. 21, 112 S.Ct. 358, 116 L.Ed.2d 301 (1991). Suits against officers in their official capacity for damages are tantamount to actions directly against the state. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 109 S.Ct. 2304, 105 L.Ed.2d 45 (1989).

Therefore, when sued in their official capacity, even though defendants may have been acting under color of law pursuant to 42 U.S.C. § 1983, they are considered an *alter ego* of the Commonwealth of Puerto Rico and any monetary claim against them as officers of the P.R. Police Department is precluded by the Eleventh Amendment. *See Kostka v. Hogg*, 560 F.2d 37 (1st Cir.1977) (absent explicit Congressional intent, federal courts have no authority to impose damages liability against a state). In other words, "the fact that an official acts under color of law does not mean the he or she becomes the state—when sued in his or her individual capacity, he or she is a person for the purpose of § 1983 and enjoys no Eleventh Amendment immunity." Rodney A. Smolla, 2 Federal Civil Rights Acts 3rd Ed. (West Group) 1998.

Accordingly, plaintiffs have no claim under 42 U.S.C. § 1983 for monetary relief against the state defendants in their official capacity[1] pursuant to the Eleventh Amendment.

### Torts

■ Plaintiffs argue that we have supplemental jurisdiction under 28 U.S.C. § 1367(a) to entertain torts claims against the state defendants. According to plaintiffs' memorandum, relief is being sought against the local Government based on the acts or omissions of its agents. Even though pursuant to P.R. Laws Ann. tit. 32 § 3077(a) (1990) the Commonwealth of Puerto Rico has renounced its immunity for the negligent acts or omissions of its agents in the performance of their duties this provision does not imply a consent to be sued in this forum.[2] Inasmuch as any damages awarded based on torts would be satisfied by the Commonwealth of Puerto Rico, these claims are also precluded by the Eleventh Amendment. *See Reyes v. Supervisor of Drug Enforcement Admin.*, 834 F.2d 1093, 1097–8 (1st Cir.1987) (Puerto Rico regarded as a state for purposes of the Eleventh Amendment); *Pou Pacheco v. Soler Aquino*, 833 F.2d 392, 401 (1st Cir.1987) (unconsenting state immune from suits brought in federal courts by own citizens, as well as by citizens of another state).

Based on the foregoing, all actions sounding in tort asserted against the state defendants must be dismissed pursuant to the Eleventh Amendment.

### Equitable Relief

■ Equitable relief, on the other hand, is not covered by the Eleventh Amendment protection. *P.R. Aqueduct and Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 113 S.Ct. 684, 121 L.Ed.2d 605 (1993); *Chaulk Serv., Inc. v. Mass. Com'n*, 70 F.3d 1361 (1st Cir.1995); *Charles v. Rice*, 28 F.3d 1312 (1st Cir.1994).

In addition to compensatory claims plaintiffs have petitioned that defendants in their capacity as government officers be required to implement certain policy, training and regulations[3] and to expunge plaintiff's records.[4] These claims shall remain undisturbed.

### CONJUGAL PARTNERSHIP

Appearing defendants further contend that the conjugal partnership composed of WANDA IVELISSE AYALA TORRES and her husband has no standing to assert a claim under 42 U.S.C. § 1983.

■ The conjugal partnership is a separate entity from its individual members and has a distinct identity. *Reyes Castillo v. Cantera Ramos, Inc.*, 96 JTS 9 at 605. *See also Maldonado Rodriguez v. Banco Central Corp.*, 95 JTS 48 at 806 n. 6. Only persons who have been subject to constitutional deprivations may bring actions under § 1983.[5] Family members do not have an independent claim under § 1983 unless the constitutionally defective conduct or omission was directed at the family relationship. *Brown v. Ives*, 129 F.3d 209, 211 (1st Cir.1997); *Robles Vazquez v. Garcia*, 110 F.3d 204, 206 n. 4 (1st Cir.1997).

■ Although lost earnings are property of the conjugal partnership, a spouse is empowered to prosecute claims involving lost income on behalf of the conjugal partnership when these monies are part of the relief afforded by a special statute. *See i.e., Maldonado Rodriguez v. Banco Central Corp.* 95 JTS 48 (discrimination claim under Law 100 of June 30, 1959 as amended, P.R. Laws Ann. tit. 29, § 146 (1995)). *See also Reyes Castillo v. Cantera Ramos, Inc.*, (under special cir-

---

1. Plaintiffs do have a colorable claim against the state defendants in their individual capacity under to 42 U.S.C. § 1983. Any judgment entered against them pursuant to this statute must be satisfied by them personally unless they are entitled to coverage by P.R. Laws Ann. tit. 32 § 3085 (1990) in which case judgment will be satisfied from Puerto Rico funds.

2. Any such action must be instituted in the Court of First Instance of Puerto Rico. *See* P.R. Laws Ann. tit. 32, § 3077 (1990).

3. Complaint at 22.

4. *Id.*

5. Spouses and conjugal partnerships may, however, assert derivative claims under Puerto Rico law in a § 1983 action. *Rodriguez–Rios v. Cordero*, 138 F.3d 22, 26 (1st Cir.1998).

cumstances each spouse, as co-administrator of conjugal partnership, may institute suits on its behalf).

■ Inasmuch as no direct constitutional claim is being asserted on behalf of the conjugal partnership it has no viable claim under § 1983.[6] Lost earnings may be petitioned by WANDA IVELISSE AYALA TORRES in representation of the conjugal partnership together with all other remedies she may be entitled to under the various statutes cited in her pleading.

## CONCLUSION

Accordingly, any and all claims for **damages** asserted against the state defendants **in their official capacity** are hereby **DISMISSED.**

It is further ORDERED that any and all claims asserted against the state defendants **in their official capacity** sounding in tort are hereby **DISMISSED.**

It is further ORDERED that any and all claims praying for equitable relief from the local defendants remain undisturbed.

It is further ORDERED that all claims asserted by the conjugal partnership under 42 U.S.C. § 1983 are **DISMISSED.** Lost earnings plead under § 1983 will be included as part of the relief sought by plaintiff WANDA IVELISSE AYALA TORRES instead.

The conjugal partnership claims regarding non-appearing defendants remain undisturbed.

Partial Judgment shall be issued accordingly.

IT IS SO ORDERED.

---

**6.** Our ruling does not imply that the conjugal partnership is not a proper party plaintiff regarding other claims appearing in the complaint such as an action under the Federal Tort Claims Act. Therefore, even though the claims against it under § 1983 are dismissed, the conjugal partnership remains as a proper plaintiff regarding other actions asserted in the complaint.