CELTA CONSTRUCTION,
et al., Plaintiffs

v.

UNITED STATES DEPARTMENT OF HOUSING AND URBAN DEVEL-OPMENT, et al., Defendants.

Civil No. 03–1539 (JAG).

United States District Court,
D. Puerto Rico.

Sept. 23, 2004.

Miguel Redondo–Borges, Rio Piedras, PR, pro se.

Veronica Cordero–Candelaria, San Juan, PR, for Plaintiffs.

Agnes I. Cordero, Ana M. Margarida–Julia, San Juan, PR, for Defendants.

**OPINION AND ORDER**

GARCIA–GREGORY, District Judge.

On May 19, 2003, Plaintiffs Celta Construction, Inc. ("Celta"), Miguel Redondo Borges. ("Redondo"), Carmen Rafuls Fernandez, and the conjugal partnership constituted between them (collectively "plaintiffs"), filed suit against the United States Department of Housing and Urban Development ("HUD"), HUD Secretary Mel Martinez ("Matinez"), HUD Grant Manager Thomas Teresi ("Teresi"), and HUD Caribbean Director Michael Colon ("Colon")(collectively the "federal defendants"); and Secretary of the Puerto Rico Public Housing Authority ("PRPHA") Ileana Echegoyen ("Echegoyen"), President of the PRPHA's Public Auctions Board Jorge Rivera ("Rivera"), and PRPHA Administrator Carlos Laboy Diaz ("Laboy")(collectively the "state defendants"),[1] alleging claims of due process violations and breach of contract (Docket No. 21). On December 1, 2003, HUD moved for dismissal of plaintiffs' claims against it for lack of jurisdiction (Docket No. 22). On December 5, 2003, defendant state officers Echegoyen, Rivera, and Laboy moved for dismissal of the claims against them (Docket No. 23). On December 24, 2003, HUD and defendant federal officers Teresi, Martinez, and Colon moved for dismissal for lack of *in personam* jurisdiction (Docket No. 28).

On March 27, 2004, the motions were referred to Magistrate–Judge Gustavo A. Gelpi for a Report and Recommendation (Docket Nos. 32, 33). On June 23, 2004, Magistrate–Judge Gelpi recommended that the Court grant the federal defendants' motion to dismiss (Docket Nos. 22), stating that the Court lacked jurisdiction to entertain the claims against them (Docket No. 40). On that same

---

1. The complaint also names the defendants' spouses and conjugal partnerships.

date and on a separate Report and Recommendation, Magistrate–Judge Gelpi also recommended the Court grant the state defendants' motion to dismiss based on its previous recommendation (Docket No. 41). For the reasons discussed below, the Court **MODIFIES** and **ADOPTS** the Report and Recommendations.

## FACTUAL BACKGROUND[2]

Redondo is the president of Celta. On December 4, 2001, the PRPHA awarded Celta a contract for the restoration of the Lirios del Sur Housing Project in Ponce, Puerto Rico. The funds for the contract were assigned by HUD to the Commonwealth of Puerto Rico as part of HUD's Drug Elimination Program. By letter dated May 21, 2002, PRPHA informed Redondo that it was canceling the contract awarded to Celta following its determination that Redondo was a "nonresponsible bidder". The determination was based on Redondo's participation as the principal of another PRPHA contractor allegedly in breach of its obligations.[3] Following the classification as a "nonresponsible bidder", Redondo has found himself disqualified from bidding on any other government projects. Because the determination was published in a local newspaper, Redondo claims that he has also been prevented from being awarded contracts in the private sector.

## DISCUSSION

A. *Standard for Reviewing a Magistrate–Judge's Report and Recommendation*

A District Court may, on its own motion, refer a pending motion to a U.S. Magistrate–Judge for a Report and Recommen-

---

**2.** The relevant facts are taken from the amended complaint (Docket No. 21).

**3.** According to the amended complaint, this alleged breach is the object of an arbitration

dation. *See* 28 U.S.C. § 636(b)(1)(B); Fed.R.Civ.P. 72(b); Local Rule 72(a). Pursuant to Fed.R.Civ.P. 72(b) and Local Rule 72(d), the adversely affected party may contest the Magistrate–Judge's Report and Recommendation by filing written objections "[w]ithin ten days of being served" with a copy of the order. *See* 28 U.S.C. § 636(b)(1). Since defendants have filed timely objections to the Magistrate–Judge's Report and Recommendation, the Court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which specific objection is made. *See United States v. Raddatz*, 447 U.S. 667, 673, 100 S.Ct. 2406, 65 L.Ed.2d 424 (1980); *Lopez v. Chater*, 8 F.Supp.2d 152, 154 (D.P.R.1998).

B. *Motion to Dismiss Standard.*

In a jurisdictional challenge, "the standard applied to a 12(b)(1) motion is similar to the standard applied to a 12(b)(6) motion, namely, the Court must take all of plaintiff's allegations as true and must view them, along with all reasonable inferences therefrom, in the light most favorable to plaintiff." *Pejepscot Indus. Park v. Maine Cent. R.R.*, 215 F.3d 195, 197 (1st Cir.2000); *see also Freiburger v. Emery Air Charter, Inc.*, 795 F.Supp. 253, 257 (N.D.Ill.1992); *Hart v. Mazur*, 903 F.Supp. 277, 279 (D.R.I.1995). Once the challenge has been raised, however, the plaintiff carries the burden of demonstrating the existence of the Court's jurisdiction. *See Puerto Rico Tel. Co. v. Telecom. Regulatory Bd.*, 189 F.3d 1, 7 (1st Cir. 1999).

Pursuant to Fed.R.Civ.P. Rule 12(b)(6), a complaint may not be dismissed unless it

---

procedure ordered by the Commonwealth's Circuit Court of Appeals and the Court is not aware at this time that an award has been rendered.

appears beyond doubt that plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *See Brown v. Hot, Sexy, and Safer Prods., Inc.,* 68 F.3d 525, 530 (1st Cir.1995). The Court accepts all well-pleaded factual allegations as true, and draws all reasonable inferences in plaintiff's favor. *See Correa–Martinez v. Arrillaga–Belendez,* 903 F.2d 49, 51 (1st Cir.1990). The Court need not credit, however, "bald assertions, unsupportable conclusions, periphrastic circumlocutions, and the like" when evaluating the Complaint's allegations. *Aulson v. Blanchard,* 83 F.3d 1, 3 (1st Cir.1996). When opposing a Rule 12(b)(6) motion, "a plaintiff cannot expect a trial court to do his homework for him." *McCoy v. Massachusetts Institute of Tech.,* 950 F.2d 13, 22 (1st Cir.1991). Plaintiffs are responsible for putting their best foot forward in an effort to present a legal theory that will support their claim. *Id.* at 23 (*citing Correa–Martinez,* 903 F.2d at 52). Plaintiffs must set forth "factual allegations, either direct or inferential, regarding each material element necessary to sustain recovery under some actionable theory." *Gooley v. Mobil Oil Corp.,* 851 F.2d 513, 514 (1st Cir.1988).

## C. *The Federal Defendants' Motions to Dismiss*

Magistrate–Judge Gelpi recommended that the Court grant the federal defendants' motions to dismiss because (1) the Tucker Act grants exclusive jurisdiction to the Court of Federal Claims over claims against the United States exceeding $10,000 and plaintiffs seek an excess of $4,000,000 in damages; (2) Celta failed to indicate the provisions of the Privacy Act allegedly violated by the PRPHA's release of the responsibility assessment; and (3)

plaintiffs' request for equitable relief is incidental to their Tucker Act claim for breach of contract and, thus, the Court of Federal Claims is authorized to grant such equitable relief.

Plaintiffs object, arguing (1) that HUD has waived its sovereign immunity through the National Housing Act; (2) that the Administrative Procedures Act and the Administrative Dispute Resolution Act also amount to waivers of immunity which allow the District Courts to afford remedies to plaintiffs if they prevail; (3) that the Tucker Act is inapplicable to this case; (4) that it is the monetary relief requested which is incidental to the equitable and declaratory relief requested; and (5) that they have validly stated a Privacy Act claim.

Upon *de novo* review of the objections, the Court finds it unnecessary to reach the question of sovereign immunity inasmuch as it finds that plaintiffs have failed to state a valid claim against the federal defendants, and will dismiss on those grounds.[4] The amended complaint alleges a number of actions and alleged violations performed by the PRPHA and the state defendants. The only basis of HUD's liability, however, is that it "was fully aware of the [PRPHA]'s absolute disregard of award procedures, and did not correct nor adequately supervise the wrongdoing of the Contracting Officer that it was funding." (Docket No. 21 at 6, ¶ 21).

Plaintiffs argue, without citing any authority, statutory or otherwise, that "HUD forms, regulations, and opinions guided the entire contracting process between bidders and the local agency. Furthermore, HUD retained control over all the process and had the faculty of terminating and contracts [sic] if its conditions ... were not fulfilled to its satisfaction." (Docket No.

---

4. This issue has been raised by the federal defendants and discussed by the parties in their motions. (Docket Nos. 7, 11, 22, 26).

26 at 12, ¶ 44). Moreover, they argue that HUD had knowledge of irregularities in PRPHA's procurement processes because it periodically conducted "Limited Procurement Management System Reviews" to monitor PRPHA's bidding process "and the performance of the employees acting as its Contracting Officers." (*Id.* at ¶ 45). They also claim that Redondo himself notified HUD of irregularities in the procurement process. Plaintiffs only proffer as evidence in of support their contention a report of one of those reviews sent by an officer from HUD's Caribbean Office of Public Housing listing certain deficiencies in PRPHA's procurement process found during an audit by the Office of the Inspector General. (Docket No. 12, Exh. 2).[5]

■ But while plaintiffs may have established that HUD has some overview of PRPHA's procurement process, albeit limited to ensuring compliance with federal regulations, they fail to demonstrate how that limited overview extends over PRPHA's decision to terminate a contract with a contractor it deems "nonresponsible" or that HUD has some control over how PRPHA determines who is or is not a "responsible" bidder. They fail to establish what duty, if any, HUD owed them. Without this showing, and without any authority to support their contention, plaintiffs' arguments amount to bald assertions or unsupportable conclusions, that need not be credited by the Court when evaluating the Complaint's allegations. *See Aulson v. Blanchard,* 83 F.3d 1, 3 (1st Cir. 1996).

Plaintiffs' other claims suffer from the same fatal deficiency; they fail to establish a connection between HUD and PRPHA's

actions. First, plaintiffs' claim of due process violation, although unclear if filed under 42 U.S.C. § 1983 or as a *Bivens*[6] claim, fails to establish what part, if any, HUD played in the determination of Redondo as a "nonresponsible" bidder. Second, the Privacy Act claims only allege conduct on the part of PRPHA. Specifically, plaintiffs claim that Laboy disclosed information about the determination that Redondo is a "nonresponsible" bidder to a local newspaper. Again, plaintiffs fail to establish, and the Court fails to comprehend, the connection between HUD and Laboy's disclosure. Therefore, plaintiffs have failed to state a valid claim against HUD or any of the federal defendants and the claims against them must be dismissed.

### D. *The State Defendants' Motion to Dismiss*

Magistrate–Judge Gelpi recommended that the Court grant the state defendants' motion to dismiss based on his ruling that this Court lacked jurisdiction to entertain plaintiffs' claims. Because a lack of jurisdiction over the federal defendants, however, does not automatically translate into a lack of jurisdiction over plaintiffs claims against the state defendants the Court will entertain the merits of the state defendants' motion to dismiss.

The state defendants seek dismissal of plaintiffs claims on three grounds: (1) defendants in their official capacities are entitled to Eleventh Amendment immunity; (2) plaintiffs failed to state a claim under § 1983; and (3) defendants in their individual capacity are entitled to qualified immunity.[7] The Court will address each in turn.

---

5. This document presented by plaintiffs in fact hurts more than it helps their case since it shows that HUD was indeed taking concrete steps to cure any deficiencies in PRPHA's procurement process.

6. *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics,* 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971).

7. Defendants also seek dismissal of the complaint arguing that Celta's cause of action is

### 1. *Eleventh Amendment Immunity*

██ The Eleventh Amendment bars suits against states for money damages unless the state has consented. *See Metcalf & Eddy v. P.R. Aqueduct & Sewer Authority*, 991 F.2d 935, 938 (1st Cir.1993); *In re San Juan Dupont Plaza Hotel Fire Lit.*, 888 F.2d 940, 942 (1st Cir.1989); *Ramirez v. P.R. Fire Serv.*, 715 F.2d 694, 697 (1st Cir.1983).[8] Eleventh Amendment Immunity extends to arms or "alter egos" of the State. *Fresenius Medical Care Cardiovascular Resources, Inc. v. Puerto Rico and Caribbean Cardiovascular Center Corp.*, 322 F.3d 56 (1st Cir.2003); *Bernier–Aponte v. Izquierdo–Encarnacion*, 196 F.Supp.2d 93, 98–99 (D.P.R.2002). Similarly, suits filed against state officials in their official capacity are deemed actions against the state, regardless if the state is a named party to the suit, since the real party in interest is the State and not the official. *Hafer v. Melo*, 502 U.S. 21, 112 S.Ct. 358, 116 L.Ed.2d 301 (1991); *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 109 S.Ct. 2304, 105 L.Ed.2d 45 (1989). Even when state officials act under color of state law pursuant to § 1983, the Eleventh Amendment bars monetary claims against them in their official capacity. *Id.* at 98–99; *see also Kostka v. Hogg*, 560 F.2d 37 (1st Cir.1977). "Although state officials are literally persons, a suit against a state official in his official capacity is not a suit against the official, but rather a suit against the official's office." *Bernier–Aponte*, 196 F.Supp.2d at 98. However, "the fact that an official acts under color of law does not mean that he or she becomes the state—when sued in his or her individual capacity—he or she is a person for the purpose of § 1983 and enjoys no Eleventh Amendment immunity." *Torres v. U.S.*, 24 F.Supp.2d 181 (D.P.R.1998). Therefore, officials acting under color of state law may nonetheless be liable for damages in their personal capacity.

██ Plaintiffs do not contest that Eleventh Amendment immunity protects PRPHA and the state defendants in their official capacities from money damages. Accordingly, the Court will dismiss any claims against the PRPHA and state defendants in their official capacities insofar as they seek monetary damages. Because prospective injunctive relief, however, is not barred by the Eleventh Amendment, claims for injunctive relief would remain against the state defendants in their official capacities. *See, e.g., Barreto Fred v. Aponte Roque*, 916 F.2d 37, 39 (1st Cir.1990)(*quoting Edelman v. Jordan*, 415 U.S. 651, 677, 94 S.Ct. 1347, 39 L.Ed.2d 662 (1974))("a federal court's remedial power, consistent with the Eleventh Amendment, is necessarily limited to prospective injunctive relief ..."). These claims, however, must also be dismissed because they fail to spell out a cause of action under § 1983 as discussed below.

### 2. *§ 1983 Claims*

██ "Section 1983 affords redress against a person who, under color of state law, deprives another person of any federal constitutional or statutory right." *Omni Behavioral Health v. Miller*, 285

time-barred and Redondo lacks standing to bring its claims. The Court finds it unnecessary to discuss this issue given its determination on defendants' remaining arguments.

**8.** The Eleventh Amendment provides that: "the judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or subjects of any Foreign State." U.S. Const. Amend XI. Puerto Rico is considered a state for Eleventh Amendment purposes. *See Bernier–Aponte v. Izquierdo–Encarnacion*, 196 F.Supp.2d 93, 98 (D.P.R.2002)(*citing Negron Gáztambide v. Hernandez Torres*, 145 F.3d 410 (1st Cir.1998)).

F.3d 646, 650–51 (8th Cir.2002); *see also Cruz–Erazo v. Rivera–Montanez,* 212 F.3d 617, 621 (1st Cir.2000). To establish a procedural due process claim under § 1983, plaintiffs must allege that: (1) they had a cognizable property interest as defined by state law;[9] and, (2) that the defendants, acting under color of state law, deprived them of that property interest without constitutionally adequate process. *See PFZ Properties, Inc. v. Rodriguez,* 928 F.2d 28, 30 (1st Cir.1991) (*citing Logan v. Zimmerman Brush Co.,* 455 U.S. 422, 428, 102 S.Ct. 1148, 71 L.Ed.2d 265 (1982)); *see also Romero–Barcelo v. Hernandez–Agosto,* 75 F.3d 23, 32 (1st Cir.1996). "[A] cognizable property interest 'is what is securely and durably yours under state [or federal] law, as distinct from what you hold subject to so may conditions as to make your interest meager, transitory, or uncertain.'" *Barrington Cove Limited Partnership v. Rhode Island Housing and Mortgage Finance Corporation,* 246 F.3d 1, 5 (1st Cir.2001)(*citing Reed v. Village of Shorewood,* 704 F.2d 943, 948 (7th Cir. 1983)).

 Plaintiffs claim that PRPHA and the state defendants violated his constitutional due process rights by classifying Redondo as a "nonresponsible bidder" and terminating Celta's contract for the Lirios del Sur Housing Project without affording him previous notice and an opportunity to be heard. Unfortunately for plaintiffs, however, "courts have been hesitant to find that every government contract is, by itself, sufficient to create a protected property interest." *Wehran–Puerto Rico, Inc. v. Municipality of Arecibo,* 106 F.Supp.2d 276, 287 (D.P.R.2000)(*citing Mid–Ameri-* *can Waste Systems, Inc. v. City of Gary,* 49 F.3d 286, 289–90 (7th Cir.1995); *Linan–Faye Constr. Co. v. Hous. Auth. of City of Camden,* 49 F.3d 915, 931–32 (3rd Cir.1995); *S & D Maintenance Co. v. Goldin,* 844 F.2d 962, 965–69 (2nd Cir.1988); *San Bernardino Physicians' Services Med. Group v. County of San Bernardino,* 825 F.2d 1404, 1407–10 (9th Cir.1987)). "Courts have found a property interest arising out of a contract only when the contract confers a special status such as employment or an entitlement to welfare payments." *Id.* (*citing S & D Maintenance,* 844 F.2d at 966–67; *San Bernardino,* 825 F.2d at 1408–09). "Commercial contracts, however, will generally not create a property interest." *Id.* (*citing S & D Maintenance,* 844 F.2d at 966–67). *See also Boston Envtl. Sanitation Inspectors Ass'n v. City of Boston,* 794 F.2d 12, 13 (1st Cir.1986) (per curiam); *Cloutier v. Town of Epping,* 714 F.2d 1184, 1191 n. 4 (1st Cir.1983); *Arena Del Rio, Inc. v. Gonzalez,* 704 F.2d 27, 28 (1st Cir.1983) (per curiam); *Casey v. Depetrillo,* 697 F.2d 22, 23 (1st Cir.1983) (per curiam); *Jimenez v. Almodovar,* 650 F.2d 363, 370 (1st Cir. 1981) ("A mere breach of contractual right is not a deprivation of property without constitutional due process of law."); *Bleeker v. Dukakis,* 665 F.2d 401, 403 (1st Cir. 1981). In fact, "[t]he proper remedy for a plaintiff is a state law suit for breach of contract." *Wehran–Puerto Rico,* 106 F.Supp.2d at 287 (*citing Bleeker,* 665 F.2d at 403).

Accordingly, having failed to identify a property interest, plaintiffs have failed to state a constitutional violation that would

---

**9.** "Property interests are not defined by the Constitution, '[r]ather, they are created and their dimensions are defined by existing rules or understandings that stem from an independent source such as state law...." *Lowe v. Scott,* 959 F.2d 323, 334 (1st Cir.1992) (citations omitted); *see also Wehran–Puerto Rico v.* *Municipality of Arecibo,* 106 F.Supp.2d 276, 287 (D.P.R.2000) (*citing Bd. of Regents of State Colleges v. Roth,* 408 U.S. 564, 92 S.Ct. 2701, 33 L.Ed.2d 548 (1972); *Correa–Martinez v. Arrillaga–Belendez,* 903 F.2d 49, 53 (1st Cir.1990)).

support their § 1983 claims against PRPHA and the state defendants.

### 3. *Qualified Immunity*

"[G]overnment officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald,* 457 U.S. 800, 818, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982). The First Circuit employs a three-part test when determining if a public official is entitled to qualified immunity: "(1) whether plaintiff's allegations, if true, establish a constitutional violation; (2) whether that right was clearly established at the time of the alleged violation; and (3) whether a similarly situated reasonable official would have understood that the challenged action violated the constitutional right at issue." *Mihos v. Swift,* 358 F.3d 91, 102 (1st Cir.2004)(*citing Suboh v. District Attorney's Office of Suffolk Dist.,* 298 F.3d 81, 90 (1st Cir.2002); *Harlow,* 457 U.S. at 818–819, 102 S.Ct. 2727).

Because the Court has already determined that plaintiffs have not stated a cognizable constitutional violation, thus failing the first prong of the qualified immunity test, the claims against the state defendants in their individual capacities must be dismissed.

### 4. *Breach of Contract Claim*

Having dismissed plaintiffs' § 1983 claims, and because the Privacy Act applies only to Federal Agencies, *See* 5 U.S.C. § 551(1), and, thus, it is inapplicable to PRPHA, the only claim remaining is the breach of contract under state law. Because no federal claims to ground jurisdiction remain in this case, supplemental state law claims against PRPHA are hereby dismissed without prejudice pursuant to 28 U.S.C. § 1367(c)(3).

## CONCLUSION

For the foregoing reasons, the Court **MODIFIES** and **ADOPTS** the Magistrate–Judge's Report and Recommendations (Docket No. 40, 41). Accordingly, the Court **GRANTS** the federal defendants' (Docket No. 22) and the state defendants' (Docket No. 23) motions to dismiss. All federal claims are dismissed **with prejudice.** Supplemental state law claims are dismissed **without prejudice.** Judgment shall enter accordingly.

IT IS SO ORDERED.