Alex B. NUÑEZ GONZALEZ, et al., Plaintiffs

v.

Wanda VAZQUEZ GARCED, et al., Defendants

No. CIV. 04–2114(JP).

United States District Court, D. Puerto Rico.

Sept. 8, 2005.

Henry R. Rexach, Esq., Bayamón, PR, Nicolás Nogueras–Cartagena, Esq., San Juan, PR, for Plaintiff.

Anabelle Quiñones–Rodríguez, Esq., Department of Justice, San Juan, PR, for Defendant.

### OPINION AND ORDER

PIERAS, Senior District J.

## I.  INTRODUCTION

The Court has before it Defendants' "Motion to Dismiss" (docket No. 18), Plaintiffs' opposition thereto (docket No. 22), and co-Defendant Wanda Vázquez

Garced's "Motion Supplementing Motion to Dismiss" (docket No. 19), which is unopposed. For the foregoing reasons, the Court hereby **GRANTS IN PART AND DENIES IN PART** Defendants' motion (docket No. 18) and **DENIES** co-Defendant Wanda Vázquez Garced's "Motion Supplementing Motion to Dismiss" (docket No. 19).

Plaintiff Alex Núñez González is suing Defendants for violating his constitutional rights by allegedly falsely arresting and prosecuting him for crimes for which he was acquitted. Also named as plaintiffs in this action are Valerie Báez Gómez, Plaintiff's wife; Alexander O. Núñez Báez and Kiara Núñez Báez, the couple's children; William Núñez Ruiz and Teresita González Crespo, Plaintiff's parents; and Lourdes Núñez González, Plaintiff's sister. Defendants are Wanda Vázquez Garced, head of the prosecutor's office of the sex crimes unit of the Commonwealth of Puerto Rico Department of Justice and prosecutor in the criminal case upon which the present complaint predicated; Grace Maldonado Rosado and Lydia Ruber Figueroa, police officers of the Police Department of Puerto Rico; Miguel Pereira, Superintendent of the Police Department of Puerto Rico; Pío Rechani, Director of the Institute of Forensic Science of Puerto Rico; Annabelle Rodríguez Rodríguez, Secretary of Justice of the Commonwealth of Puerto Rico; and Héctor Urdaneta, supervisor of the Criminal Investigations Corps forensic unit for the Police Department of the Commonwealth of Puerto Rico. Defendants are all sued in their individual capacities.

## II.  LEGAL STANDARD FOR A MOTION TO DISMISS

According to the Supreme Court, a "court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Swierkiewicz v. Sorema N. A.,* 534 U.S. 506, 512, 122 S.Ct. 992, 995, 152 L.Ed.2d 1 (2002). Moreover, according to the First Circuit, the Court must "treat all allegations in the complaint as true and draw all reasonable inferences therefrom in favor of the plaintiff." *Rumford Pharmacy, Inc. v. City of East Providence,* 970 F.2d 996, 997 (1st Cir.1992). In addition, a "complaint sufficiently raises a claim even if it points to no legal theory or even if it points to the wrong legal theory as a basis for that claim, as long as relief is possible under any set of facts that could be established consistent with the allegations." *González–Pérez v. Hospital Interamericano De Medicina Avanzada,* 355 F.3d 1, 5 (1st Cir.2004). Finally, under Federal Rule of Civil Procedure 8(f), "[a]ll pleadings shall be so construed as to do substantial justice."

## III.  FACTUAL ALLEGATIONS

Plaintiff Alex B. Núñez González was arrested by Defendants Grace Maldonado Rosado and Lydia Ruber Figueroa as a suspect in several crimes including rape, domiciliary robbery, and weapons law violations. Plaintiff Núñez González claims that, from the outset, he repeatedly denied committing said crimes, and requested through his attorney that a sample of his DNA be tested against the physical evidence pertaining to the crimes of which he stood accused.

Plaintiff claims that co-Defendants Wanda Vázquez Garced, the head prosecutor in Plaintiff's criminal case, and Grace Maldonado Rosado and Lydia Ruber Figueroa, the police officers involved in the criminal case, either willfully or negligently suppressed, destroyed, or hid exculpatory evidence, and that they made false statements regarding the existence (or lack thereof) of said evidence. Plaintiff claims

that the exculpatory DNA evidence, which he claims was always in the possession of the prosecutor, was eventually discovered and led to his acquittal. He claims that Defendant Vázquez Garced, the prosecutor in his criminal case, induced, coached, or urged the rape victim and other witnesses to offer false testimony about the exculpatory evidence. On October 17, 2003, the trial court absolved Plaintiff of all charges, based on the exculpatory evidence.

Plaintiff alleges that Defendants deliberately misled the court in an attempt to secure an illegal conviction. Plaintiff further claims that Defendants' actions directly led to economic harm to his wife and minor children, whom are also plaintiffs in this matter, because Plaintiff lost his job as a result of the accusations against him, thereby resulting in a loss of income and a reduction in the family's standard of living. Plaintiff further claims that his parents and his sister, also plaintiffs in this action, suffered severe mental damages as a result of Defendants' actions.

## IV. CONCLUSIONS OF LAW

Defendants' "Motion to Dismiss" is premised on three arguments: 1) that the complaint fails to state a claim under 42 U.S.C. § 1983; 2) that the doctrine of qualified immunity shields the individual Defendants from liability and from the burden of discovery proceedings; and 3) that because of the aforementioned, Plaintiffs' supplemental claims should be dismissed. The Court addresses these arguments in order.

### A. Failure to State a Claim Under 42 U.S.C. § 1983

In order to state a claim cognizable under Section 1983, a plaintiff must allege "that some person has deprived him of a federal right." *Gómez v. Toledo*, 446 U.S. 635, 640, 100 S.Ct. 1920, 64 L.Ed.2d

572 (1980). To prevail in an action brought under 42 U.S.C. § 1983, a plaintiff must satisfy two prongs. First, he must prove that he was deprived of a right, immunity, or privilege secured by the Constitution or laws of the United States. *Parratt v. Taylor*, 451 U.S. 527, 535, 101 S.Ct. 1908, 68 L.Ed.2d 420 (1981); *Baker v. McCollan*, 443 U.S. 137, 140, 99 S.Ct. 2689, 61 L.Ed.2d 433 (1979); *Voutour v. Vitale*, 761 F.2d 812, 819 (1st Cir.1985). Second, he must have been deprived of his right, immunity or privilege, by a person acting under color of state law. *Id.* The Court now proceeds to address each of Plaintiffs' § 1983 claims of constitutional violations.

### 1. Family Plaintiffs' Standing Under 42 U.S.C. § 1983

Defendants also argue that aside from Plaintiff Alex Núñez González, Plaintiffs, all family members of Mr. Núñez González (henceforth the "family Plaintiffs"), lack standing to sue under 42 U.S.C. § 1983, and that therefore all their claims should be dismissed. The Court agrees with Defendants' argument regarding Plaintiffs' standing under § 1983, but, for reasons to be explained below, decides not to wholly dismiss these Plaintiffs from the case at hand.

Only persons who have been subject to constitutional deprivations may bring actions under § 1983. *Torres v. U.S.*, 24 F.Supp.2d 181, 183 (D.Puerto Rico 1998) (Acosta, J.). Family members do not have an independent claim under § 1983 unless the constitutionally defective conduct or omission was directed at the family relationship. *Id., citing Brown v. Ives*, 129 F.3d 209, 211 (1st Cir.1997); *Robles Vázquez v. Garcia*, 110 F.3d 204, 206 n. 4 (1st Cir.1997). *See also, e.g., Manarite v. City of Springfield*, 957 F.2d 953, 960 (1st Cir.1992), *cert. denied*, 506 U.S. 837,

113 S.Ct. 113, 121 L.Ed.2d 70 (1992). "State action that affects the parental relationship only incidentally, however, even though the deprivation may be permanent, as in the case of unlawful killing by the police, is not sufficient to establish a violation of a[sic] identified liberty interest." *Pittsley v. Warish,* 927 F.2d 3, 8 (1st Cir. 1991).

▮ The complaint in the instant case makes no allegation that the conduct alleged was in any manner directed at Plaintiff Núñez González' family members. In fact, this entire issue probably stems from the unspecific nature of Plaintiffs' complaint, from the face of which it seems fairly clear that the family Plaintiffs are present in this lawsuit under tort theory. The complaint contains no specific allegations of constitutional violations to the rights of any of the family Plaintiffs; they are generally mentioned in the context of claiming that the alleged negligence on the part of Defendants has caused them to suffer damages. The complaint generally fails to divide the claims of Plaintiffs into specific causes of action, instead settling for merely bifurcating its claims into two general causes of action, one for the federal claims, and one for the supplemental claims, the allegations for both of which are the same, namely that Plaintiffs have suffered extreme emotional injuries, stress, pain and suffering due to Defendants' actions against Plaintiff Núñez González. As part of their supplemental claims, Plaintiffs also specifically set forth claims under Article 1802 of the Civil Code of Puerto Rico, Puerto Rico's tort statute.

The same is true for Plaintiffs' opposition to Defendants' motion, which also confuses the arguments in question: in opposing the contention that the family Plaintiffs lack standing under § 1983, they argue exclusively that Defendants' conduct had a direct and adverse financial and emotional effect on the family and its members. However, there is an important distinction to be drawn between conduct *directed* at the family relationship, which is what is required for a family to have standing under § 1983, and between conduct *directly affecting* the family relationship and actionable under a general tort theory, which is the argument made by Plaintiffs.

Since there are no allegations in the complaint to the effect that Defendants' conduct was directly aimed at the family relationship, and it appearing from the face of the complaint that the family Plaintiffs' claims are brought under tort theory and not under § 1983, the Court **GRANTS IN PART AND DENIES IN PART** Defendants' arguments on this basis and hereby **DISMISSES WITH PREJUDICE** the family Plaintiffs' claims of constitutional violations against them. However, the family Plaintiffs' tort claims remain before the Court.

## 2. Supervisory Liability

Defendants also argue that Plaintiffs' claims against Defendants Anabelle Rodríguez, Pío Rechani, and Miguel Pereira should be dismissed because Plaintiffs' claims against them appear to stem entirely from the exercise of the above-named Defendants' supervisory duties, and that, this being the case, Plaintiffs have failed to sufficiently plead facts that would establish a causal connection between these Defendants and the conduct alleged in the complaint. Essentially, these Defendants claim that Plaintiffs have not pled facts sufficient to make out a claim that they are liable under a theory of *respondeat superior.*

Although Defendants' "Motion to Dismiss" takes pains to distinguish their request from a request that the Court apply a heightened pleading standard for the claims against co-Defendants Rodrí-

guez, Rechani, and Pereira, the Court fails to see how resolving this question at this point in the proceedings given recent judicial precedent would constitute anything but the imposition of a heightened pleading standard, which the First Circuit, following recent Supreme Court jurisprudence, has recently held to be impermissible. *See Educadores Puertorriqueños en Acción v. Hernández*, 367 F.3d 61 (1st Cir.2004), *citing Swierkiewicz*, 534 U.S. 506, 122 S.Ct. 992. As the First Circuit clearly stated in *Educadores*, the Supreme Court has made its position on this issue increasingly clear in recent decisions:

> The [Supreme] Court evidently has decided to place greater emphasis on the source of a pleading standard than on the instances in which it is applied. By this we mean that the Court has signaled its disapproval of all heightened pleading standards except those that emanate from either congressional or Rule-based authority. Strong language in *Swierkiewicz* makes plain that federal courts should refrain from crafting heightened pleading standards, regardless of the special circumstances those standards are intended to address. In the Court's words: "A requirement of greater specificity for particular claims is a result that 'must be obtained by the process of amending the Federal Rules, and not by judicial interpretation.'" *Swierkiewicz*, 534 U.S. at 515, 122 S.Ct. 992, 152 L.Ed.2d 1 (*quoting Leatherman v. Tarrant County Narcotics Intell. & Coord. Unit*, 507 U.S. 163 at 168, 113 S.Ct. 1160, 122 L.Ed.2d 517 (1993)); *cf. Crawford–El v. Britton*, 523 U.S. 574 at 595, 118 S.Ct. 1584, 140 L.Ed.2d 759 (1998) (commenting that "questions regarding pleading, discovery, and summary judgment are most frequently and most effectively resolved either by the

rulemaking process or the legislative process"). *Educadores*, 367 F.3d at 66.

■ As is made clear by *Educadores*, a heightened pleading standard may only be applied by courts in cases where either a federal statute or procedural rule dictate its application. *Id.* Rather, courts adjudicating motions to dismiss under Rule 12(b)(6) are to apply the notice pleading requirements of Rule 8(a)(2), which states that a complaint need only include "a short and plain statement of the claim showing that the pleader is entitled to relief." This statement must "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957).

■ The complaint in this matter clearly states that the claims against co-Defendants Rodríguez, Rechani, and Pereira are premised on the allegedly inadequate policies and procedures established by said Defendants, as well as on their responsibilities over the employees that they supervised as part of their duties. Plaintiffs, in their opposition to Defendants' "Motion to Dismiss," claim that the process of discovery will bear out such claims. While that remains to be seen, it is clear that the claims are sufficiently pleaded under the requirements of Rule 8(a)(2). This being the case, the Court hereby **DENIES** Defendants' motion on these grounds.

### 3. Conspiracy

Defendants also allege, based on reasoning identical to that used in their argument for dismissal of the claims against co-Defendants Rodríguez, Rechani, and Pereira, that the complaint states insufficient facts in order to effectively state a claim of conspiracy against Defendants in this matter. The Court disposes of this argument quickly and for the same reasons as stated in the section above.

At paragraph 18, the complaint in this case reads as follows: "That Defendants Wanda Vázquez Garced, Grace Maldonado and Lydia Ruber Figueroa, and John Doe through their collective and/or individual negligence or willful intent, did in fact suppress and/or destroy and/or hid important exculpatory evidence which caused defendant [sic] to be unduly and unjustly prosecuted for criminal acts he did not commit." Plaintiffs' "Complaint" at 5.

Defendants assert that Plaintiffs have not demonstrated the existence of a conspiracy, and that therefore the action should be dismissed with prejudice. Again, this argument would entail the application of the type of heightened pleading standard rendered impermissible by *Educadores,* something that the Court has already deemed inapposite. The Court finds that Plaintiffs have sufficiently pled a claim of conspiracy. Whether that claim has merit is a matter to be resolved at another point in time. Therefore, the Court **DENIES** Defendants' motion on these grounds.

### 4. Fifth Amendment

In their complaint, Plaintiffs allege that their Fifth Amendment rights were violated by Defendants. Defendants argue that the Court should dismiss Plaintiffs' Fifth Amendment claims because such claims are inapplicable in the instant case. The Court agrees and disposes of this matter quickly.

The Due Process Clause of the Fifth Amendment provides that: "No person shall ... be deprived of life, liberty, or property, without due process of law ...." U.S. Const. amend. V. It applies to actions of the federal government, not those of private individuals. *See Gerena v. P.R. Legal Serv. Inc.,* 697 F.2d 447, 448 (1st Cir.1983), *citing Public Utilities Comm'n v. Pollak,* 343 U.S. 451, 461, 72 S.Ct. 813, 820, 96 L.Ed. 1068 (1952).

Because neither the federal government nor any of its agents are named defendants in this action, the Court **GRANTS** Defendants' Motion on this basis, and hereby **DISMISSES WITH PREJUDICE** Plaintiffs' Fifth Amendment claims.

### B. Time Bar

Defendants also argue that Plaintiffs' allegations regarding false arrest, abuse of power, prosecutorial misconduct, and false imprisonment are time-barred. However, the complaint in this matter does not specify when Plaintiff was arrested (the only date even mentioned in the complaint is that of Plaintiff Núñez González' acquittal) while Defendants state, in a manner that confuses more than it illuminates, that "although no timeframe has been established in the allegations of the complaint the truth is that the facts in question occurred on November 28, 2001 although plaintiff Alex Nuñez was arrested on February 28, 2002[.]" Defendants' *Motion to Dismiss* at 11. Other than that assertion, there is no evidence on the record of the validity of those dates. This being the case, the Court cannot be expected to accurately rule on this matter at this point in time. Therefore, the Court hereby **DENIES** Defendants' motion on these grounds.

### C. Qualified Immunity

Defendants further argue that the doctrine of qualified immunity bars all monetary claims against them. Due to the undeveloped nature of the factual record at this point in the litigation, the Court concludes that Defendants' request for qualified immunity is premature at this time, and the Court hereby **DENIES** Defendants' motion on these grounds at this point.

■ The doctrine of qualified immunity protects government officials who perform discretionary functions from suit and from liability for monetary damages under 42 U.S.C. § 1983. *See Roldán–Plumey v. Cerezo–Suárez,* 115 F.3d 58, 65 (1st Cir.1997). This defense is designed to create a rebuttable presumption of immunity from personal liability to cover all executive officers that perform discretionary functions. *See Id.; Scheuer v. Rhodes,* 416 U.S. 232, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974).

■ The general rule regarding qualified immunity is that government officials are immune from suit when their conduct does not violate clearly established statutory authority or constitutional rights, which a reasonable person should have known of at the time of the conduct at issue. *Mitchell v. Forsyth,* 472 U.S. 511, 524, 105 S.Ct. 2806, 2814, 86 L.Ed.2d 411 (1985); *Harlow v. Fitzgerald,* 457 U.S. 800, 818, 102 S.Ct. 2727, 2738, 73 L.Ed.2d 396 (1982). Furthermore, the "contours of the right must be sufficiently clear that a reasonable official would understand that what he is doing violates that right." *Acevedo–García v. Vera–Monroig,* 204 F.3d 1, 10 (1st Cir. 2000).

In other words, the test has three prongs. First, the Court must determine whether a constitutional right was violated. Then, the Court must determine, as a matter of law, whether the constitutional right in question was clearly established at the time of the alleged violation. *Hilaire v. City of Laconia,* 71 F.3d 20 (1st Cir.1995). Finally, if it finds that said right was clearly established, the question then remains whether a similarly situated official reasonably "should have understood that the challenged conduct violated" that right. *Id.* at 24.

■ In order to overcome the qualified immunity defense, a plaintiff must show that the defendant official knew or reasonably should have known that the actions he took within his sphere of official responsibility would violate the constitutional rights of the people affected by his actions. *Wood v. Strickland,* 420 U.S. 308, 322, 95 S.Ct. 992, 997, n. 6, 43 L.Ed.2d 214 (1975); *see also Crawford–El v. Britton,* 523 U.S. 574, 118 S.Ct. 1584, 140 L.Ed.2d 759 (1998). A plaintiff may not overcome the defense by alleging, even if fortified with evidence, that the governmental official acted in a malicious manner or in some way was improperly motivated. Evidence concerning the defendant's subjective intent is no longer relevant or part of the qualified immunity defense. *Harlow,* 457 U.S. at 817, 102 S.Ct. 2727; *Crawford–El,* 523 U.S. at 588, 118 S.Ct. 1584; *Wyatt v. Cole,* 504 U.S. 158, 112 S.Ct. 1827, 118 L.Ed.2d 504 (1992). Additionally, the First Circuit has held that, "only where the action in question is *clearly* unlawful does a defendant lose his qualified immunity." *Juarbe–Angueira v. Arias,* 831 F.2d 11, 12 (1st Cir.1987) (*citing Harlow,* 457 U.S. at 818, 102 S.Ct. at 2738) (emphasis included).

■ Without ruling on the merits of this matter, taking as true the allegations made in the complaint and drawing all reasonable inferences therefrom in favor of Plaintiffs, the Court finds that there could well have been a violation of the constitutional right to be free from false arrest and prosecution. However, regarding the third prong of the test, the Court finds there to be numerous factual disputes, including Defendants' possible motivations for their actions and their alleged knowledge regarding exculpatory evidence, all of which are vital to this case as a whole and the Court's assessment of the qualified immunity defense in particular. For this reason, the Court is not in a position to grant Defendants' motion for qualified im-

munity at this time. *See Acevedo–García v. Vera Monroig*, 30 F.Supp.2d 141 (D.Puerto Rico 1998) (Pieras, J.) *aff'd* 204 F.3d 1 (1st Cir.2000).

Pursuant thereto, the Court at this time hereby **DENIES** Defendants' motion on this basis **WITHOUT PREJUDICE**.

### D. Absolute Prosecutorial Immunity

In addition to Defendants' "Motion to Dismiss," Co–Defendant Wanda Vázquez Garced's has also filed a "Motion Supplementing Motion to Dismiss," which is unopposed by Plaintiffs, and wherein Defendant Vázquez Garced argues that all claims against Defendant Vázquez Garced are barred by the doctrine of absolute prosecutorial immunity. The Court, for the following reasons, finds that this argument is untimely at this point in the proceedings.

In *Kalina v. Fletcher*, 522 U.S. 118, 118 S.Ct. 502, 139 L.Ed.2d 471 (1997), the Supreme Court reaffirmed the doctrine that a prosecutor is fully protected by absolute immunity when performing the traditional functions of an advocate. *See also Imbler v. Pachtman*, 424 U.S. 409, 431, 96 S.Ct. 984, 995–996, 47 L.Ed.2d 128, (1976); *Buckley v. Fitzsimmons*, 509 U.S. 259, 273, 113 S.Ct. 2606, 2615–2616, 125 L.Ed.2d 209 (1993) ("[ . . . ] acts undertaken by a prosecutor in preparing for the initiation of judicial proceedings or for trial, and which occur in the course of his role as an advocate for the State, are entitled to the protections of absolute immunity."). This immunity is applicable even where the prosecutor knowingly used perjured testimony and deliberately withheld exculpatory information, even if such immunity leaves the genuinely wronged criminal defendant without civil redress against a prosecutor whose malicious or dishonest action deprives him of liberty. *Imbler*, 424 U.S. 409, 96 S.Ct. 984; *see also Dory v.*

*Ryan*, 999 F.2d 679 (2d Cir.1993) (Altimari, J.). The absolute immunity defense is unavailable when the prosecutor was performing a different function. *Kalina*, 522 U.S. at 126, 118 S.Ct. at 502, *citing Burns v. Reed*, 500 U.S. 478, 111 S.Ct. 1934, 114 L.Ed.2d 547 (1991); *Buckley*, 509 U.S. 259, 113 S.Ct. 2606.

Without ruling on the merits of this matter, taking as true the allegations made in the complaint, and drawing all reasonable inferences therefrom in favor of the Plaintiff, the Court cannot at this time make a determination that no relief is possible under any set of facts that could be established consistent with the allegations. Ascertaining whether Co–Defendant Vázquez Garced's conduct fell within the scope of conduct protected by the doctrine of absolute prosecutorial immunity would require a more developed factual record, and would be best addressed in a motion for summary judgment after discovery in this matter has been conducted. Therefore, the Court at this time **DENIES WITHOUT PREJUDICE** Co–Defendant Vázquez Garced's "Motion Supplementing Motion to Dismiss."

### E. Supplemental Claims

Finally, Defendants move that Plaintiffs' supplemental claims under Puerto Rico law be dismissed because Plaintiffs' federal claims are barred for the reasons argued in the sections above. As the Court has reached no such determination and Plaintiffs' federal claims remain before the Court, Defendants' argument to that effect is hereby **DENIED**.

### V. CONCLUSION

For the above-stated reasons, the Court hereby **GRANTS IN PART AND DENIES IN PART** Defendants' "Motion to Dismiss" (docket No. 18) and **DISMISSES WITH PREJUDICE** Plaintiffs' Fifth

Amendment claims and the family Plaintiffs' claims of constitutional violations against them. The family Plaintiffs' tort claims remain before the Court. The Court also hereby **DENIES** co-Defendant Wanda Vázquez Garced's "Motion Supplementing Motion to Dismiss" (docket No. 19).

IT IS SO ORDERED.