Freddie VAZQUEZ–CRUZ, Plaintiff,

v.

COMMONWEALTH OF PUERTO
RICO, et al., Defendants.

Civil No. 08–1673 (JAG).

United States District Court,
D. Puerto Rico.

Feb. 3, 2009.

Luis R. Rivera–Rodriguez, Luis Rafael Rivera Law Office, San Juan, PR, for Plaintiff.

Yadhira Ramirez–Toro, Department of Justice, San Juan, PR, for Defendants.

## OPINION AND ORDER

GARCIA–GREGORY, District Judge.

Pending before the Court is Defendants' Commonwealth of Puerto Rico ("Commonwealth"), Puerto Rico Police Department ("PR Police") and the Puerto Rico Department of Justice ("DOJ"), (hereinafter "Defendants") Motion to Dismiss. For the reasons set forth below the Court **GRANTS** in part Defendants' Motion to Dismiss.

## FACTUAL AND PROCEDURAL BACKGROUND

On June 19, 2008, Plaintiff Freddie A. Vazquez Cruz, ("Plaintiff") filed a complaint under 42 U.S.C. § 1983 against the Commonwealth of Puerto Rico (the "Commonwealth"), the Puerto Rico Department of Justice ("DOJ"), the Puerto Rico Police Department, and other unnamed defendants, alleging constitutional violations under the First, Fourth, Fifth and Fourteenth amendments. (Docket No. 1).

Plaintiff claims that on June 20, 2007, several officers of the PR Police came into his apartment, located in the Bella Vista Housing Project, in San Juan, while he was at work. He goes on to state that when he arrived at his apartment there were two PR Police officers on his doorway blocking the entrance. Plaintiff avers that the officers identified themselves as PR Police officers, but were all wearing civilian clothing and did not have any visible identification of the PR Police Department. Further, Plaintiff alleges that he asked the officers the reason for breaking a padlock on his front door gate and entering his apartment, without a search warrant. One of the officers stated that they were following an individual who went up the building's stairs, when they noticed that an apartment was open. The officer went on to state that when they saw the apartment open they went in without a warrant and saw in plain view a bag containing marijuana. Plaintiff told the officers that it was impossible for his door to have been open since he left it locked when he left the apartment that morning. Plaintiff then allegedly proceeded to ask the officers to see the bag of marijuana, but the officers could not produce it. Plaintiff claims that when he entered his

apartment he tried to enter into the bedroom area but the officers ordered him to remain in the living room area. He indicated to the officers that he had approximately $20,000 in cash in his bedroom. At this point, Plaintiff claims that the officers would not let him enter his bedroom so he attempted to place a call to his attorney, but the officers took his mobile phone from his hand indicating that he was not permitted to make a call, and proceeded to handcuff him. Plaintiff states that he was then searched and an agent took $1,200 from his pockets. Furthermore, Plaintiff alleges that the keys to his vehicle were taken from his pocket. Plaintiff claims that the officers then proceeded to search his vehicle. Plaintiff argues that several firearms were seized from his apartment, but that he provided the officers with a valid license for them. He goes on to state that three officers then proceeded to search his business, known as "La Nueva Loma," and took alcoholic beverages with an estimated value of $500. Plaintiff avers that he was then taken to the 65th Infantry Avenue precinct in Rio Piedras, where he was restrained for four to five hours. Moreover, Plaintiff alleges that when he was released he returned home and noticed that the officers had removed from his room the box where he kept the $20,000. Plaintiff requests that this Court grant him for injunctive relief and monetary damages against Defendants. (Docket No. 1).

On August 4, 2008, Defendants filed the present Motion to Dismiss arguing that the Commonwealth, the PR Police and the DOJ are protected from this type of suits by Eleventh Amendment sovereign immunity. (Docket No. 11).

## STANDARD OF REVIEW

A. *Motion to Dismiss Standard*

■ In *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007), the Supreme Court recently held that to survive a motion to dismiss under Rule 12(b)(6), a complaint must allege "a plausible entitlement to relief." *Rodriguez–Ortiz v. Margo Caribe Inc.*, 490 F.3d 92, 95–96 (1st Cir.2007) (quoting *Twombly* 127 S.Ct. at 1967). While *Twombly* does not require heightened fact pleading of specifics, it does require enough facts to "nudge [Plaintiffs'] claims across the line from conceivable to plausible." *Twombly*, 127 S.Ct. at 1974. Accordingly, in order to avoid dismissal, the Plaintiff must provide the grounds upon which his claim rests through factual allegations sufficient "to raise a right to relief above the speculative level." *Id.* at 1965.

■ The Court accepts all well-pleaded factual allegations as true, and draws all reasonable inferences in Plaintiff's favor. See *Correa–Martinez v. Arrillaga–Belendez*, 903 F.2d 49, 51 (1st Cir.1990). The Court need not credit, however, "bald assertions, unsupportable conclusions, periphrastic circumlocutions, and the like" when evaluating the Complaint's allegations. *Aulson v. Blanchard*, 83 F.3d 1, 3 (1st Cir.1996). When opposing a Rule 12(b)(6) motion, "a Plaintiff cannot expect a trial court to do his homework for him." *McCoy v. Massachusetts Institute of Tech.*, 950 F.2d 13, 22 (1st Cir.1991). Plaintiffs are responsible for putting their best foot forward in an effort to present a legal theory that will support their claim. *Id.* at 23 (*quoting Correa–Martinez*, 903 F.2d at 52). Plaintiffs must set forth "factual allegations, either direct or inferential, regarding each material element necessary to sustain recovery under some actionable theory." *Gooley v. Mobil Oil Corp.*, 851 F.2d 513, 514 (1st Cir.1988).

## ANALYSIS

■ Defendants argue that the complaint should be dismissed on Eleventh

Amendment immunity grounds. "[I]n the absence of consent[,] a suit in which the State or one of its agencies or departments is named as the defendant is proscribed by the Eleventh Amendment." *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100, 104 S.Ct. 900, 79 L.Ed.2d 67 (1984). *See Metcalf & Eddy v. P.R. Aqueduct & Sewer Authority*, 991 F.2d 935, 938 (1st Cir.1993); *In re San Juan Dupont Plaza Hotel Fire Lit.*, 888 F.2d 940, 942 (1st Cir.1989); *Ramirez v. P.R. Fire Serv.*, 715 F.2d 694, 697 (1st Cir.1983).[1] For purposes of Eleventh Amendment immunity analysis, the Commonwealth of Puerto Rico is treated as a state. *See Redondo Constr. Corp. v. P.R. Highway & Transp. Auth.*, 357 F.3d 124, 125 n. 1 (1st Cir.2004). "Puerto Rico, despite the lack of formal statehood, enjoys the shelter of the Eleventh Amendment in all respects," *Ramirez v. P.R. Fire Serv.*, 715 F.2d 694, 697 (1st Cir.1983), and Eleventh Amendment immunity extends to state agencies such as Puerto Rico's Family Department, *See Gonzalez De Blasini v. Family Dep't*, 278 F.Supp.2d 206, 210 (D.P.R.2003). The Eleventh Amendment bars suits against states for money damages unless the state has consented. *Celta Const. v. U.S. Dep't of Housing and Urban Development*, 337 F.Supp.2d 396, 401 (D.P.R.2004). *Citing Metcalf & Eddy v. P.R. Aqueduct & Sewer Authority*, 991 F.2d 935, 938 (1st Cir.1993); *In re San Juan Dupont Plaza Hotel Fire Lit.*, 888 F.2d 940, 942 (1st Cir.1989); *Ramirez v. P.R. Fire Serv.*, 715 F.2d 694, 697 (1st Cir.1983). Accordingly, Plaintiff's claims against the Commonwealth, the PR Police and the DOJ for monetary damages are barred by Eleventh Amendment immunity.

■ However, Plaintiff also requests the Court to grant injunctive relief against Defendants. Eleventh Amendment immunity does not bar prospective injunctive relief against official-capacity defendants. *Id., citing Rosie D. v. Swift*, 310 F.3d 230, 234 (1st Cir.2002); *Fred v. Aponte Roque*, 916 F.2d 37, 39 (1st Cir.1990) (per curiam). Therefore, since Defendants do not address Plaintiff injunctive relief claims in their Motion to Dismiss, they shall remain pending until further disposition.

## CONCLUSION

For the reasons stated above, this Court **GRANTS** in part Defendants' Motion to Dismiss as to Plaintiff's monetary relief claims. Hence, Plaintiff's claims against Defendants seeking monetary damages shall be dismissed. However, the Court shall not dismiss the case in its entirety as Plaintiff's injunctive relief claims are still pending. Meanwhile, Plaintiff's injunctive relief claims shall remain pending until further disposition.

IT IS SO ORDERED.

---

1. The Eleventh Amendment provides that: "the judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or subjects of any Foreign State." U.S. Const. Amend XI. Puerto Rico is considered a state for Eleventh Amendment purposes. *See Bernier–Aponte v. Izquierdo–Encarnacion*, 196 F.Supp.2d 93, 98 (D.P.R.2002) (*citing Negron Gaztambide v. Hernandez Torres*, 145 F.3d 410 (1st Cir. 1998)).